### BARLOW *v.* THE STATE.

If one of the petit jurors, summoned to try an indictment, was on the grand jury that found the bill, the defendant may challenge him. But he cannot, on that ground, move for a new trial after a verdict of guilty, if he knew of the objection, and omitted to make it, when the jury was impannelled.

The affidavits of jurors may be received in support of their verdict, but not to impeach it.

If a juror, during the trial of a cause, converse with a by-stander, or leave the Court room, without consent of the Court, it is a misdemeanour for which he may be punished. But if the investigation of the cause was not interrupted, if nothing took place which could influence the juror, and if no attempt was made to tamper with him, the misconduct will not entitle the defendant to a new trial, after a verdict against him, even in a case of manslaughter.

*Friday,
November 23.*

ERROR to the *Hendricks* Circuit Court.—Petition for a re-hearing.

BLACKFORD, J.—This was an indictment for manslaughter. Plea, not guilty. The jury found the defendant guilty, and fixed the period of his imprisonment at one year. The defendant moved for a new trial, the motion was overruled, and judgment rendered on the verdict. The cause has been brought before this Court during the present term, and the judgment affirmed.

There are two grounds taken by the counsel for the plaintiff in error in their petition for a rehearing, viz. 1st, that two of the petit jurors were members of the grand jury that found the indictment; 2dly, that there was a misbehaviour of two of the petit jurors during the progress of the trial.

With respect to the first ground, the fact as above stated is admitted in the record, but the affidavits of the two jurors show, that the defendant below had previously known of their being on the grand jury. The defendant does not deny the previous knowledge, but states in his affidavit that he did not recollect the circumstance when the petit jury was impannelled, nor did it occur to him until after the verdict had been returned. The counsel of the defendant knew nothing of the fact, until after the verdict had been given. The admissibility of the affida-

Nov. Term,
1827.

Barlow
v.
The State.

vits of the jurors was objected to, but the Circuit Court admitted them, and we think correctly. The rule is, that the affidavits of jurors may be received in support of their verdict, though not to impeach it. *Dana* v. *Tucker*, 4 Johns. R. 487. Here, the defendant had once known, that these men were on the grand jury. The statement of his not recollecting it is insufficient. An affidavit to that effect could never be disproved. This part of the case, then, presents the question, whether the objection, known to the defendant at the time of impannelling the jury, but not made until after the verdict, was good on a motion for a new trial. We think it was not. It was a good cause of challenge, but being known to the party, and not mentioned at the proper time, the right was waived. The statute of Ed. 3, said to be in affirmance of the common law, is, "that no indictor shall be put in inquests upon deliverance of the indictees of felonies or trespass, if he be challenged for that same cause by him who is so indicted." 2 Hawks. 418. That, certainly, does not warrant the making of the objection after verdict, if it were known at the time of swearing the jury. In the cases cited for the plaintiff in error, so far as we have had an opportunity of examining them, the objection has not prevailed on a motion for a new trial, where it was known at the time for making challenges, but was then neglected to be made. There is an authority, however, for the contrary doctrine, which expressly shows that the exception must be made by challenge, if known in time; and, if neglected then, cannot afterwards be made on a motion for a new trial. *The State* v. *O'Driscoll*, 2 Bay's Rep. 153.

The other objection in the petition rests on the misbehaviour of two of the petit jurors. This point came before the Circuit Court on affidavits. According to one of these, a juror, after the testimony had been given, conversed with a person not of the jury respecting the case, and asked him what he thought about the evidence. The deponent was passing by them at the time he heard the said remark by the juror, and did not know what further conversation passed. The affidavit of the juror himself is, that all the conversation he had was, that he asked the person to stay and hear the result of the trial before he went home, and his answer was, that he was obliged to go. These were the only affidavits as to that juror. Another of the

jurors, whilst the cause was progressing, went out of the Court house and stayed a few minutes. His own affidavit is, that, whilst out, he had no conversation with any one; that he was moved to go by a pressing natural occasion, and that he returned as soon as the occasion ceased. The other affidavit on the subject, is not inconsistent with that of the juror.

We have now stated the substance of the affidavits as to the misconduct of the jurors. That they acted very improperly, there can be no doubt. The one who spoke to a by-stander was guilty of a misdemeanour, and liable to punishment: so also was the other, who went out of the house without asking leave of the Court. But whether for this misconduct, the verdict should be set aside, is altogether a different question. The Circuit Court may have very correctly concluded, from the evidence adduced, of the credibility of which they were to judge, that the misconduct of the jurors which we are now considering, and which occurred during the trial, did not in the slightest degree delay, or in any manner interfere with, the full and impartial investigation, and final determination, of the cause; that nothing had taken place calculated to have any influence on the minds of these jurors; and that no attempt had been made to tamper with them in any way whatever.

Where the jury, on the trial of an indictment for a conspiracy, after the adjournment of the Court in the evening, separated and went to their respective homes, without the consent or knowledge of the Court or of the defendant, and attended the next morning at the meeting of the Court, and heard the residue of the case,—it was determined, that such separation of the jury was not of itself sufficient to vacate their verdict against the defendant. *The King* v. *Kinnear*, 2 Barnew. & Ald. 462. It is true, the case before the Court is of a more important nature than that referred to, but the conduct of the jury was so much more reprehensible, and the opportunity of their being tampered with so much greater, in the one case than in the other, that the decision referred to is entitled to great weight in the determination of the question before us (1).

We are clearly of opinion, therefore, that the misbehaviour of these jurors was not such, as rendered it obligatory on the Circuit Court to grant the new trial applied for.

We have now examined the two grounds, upon which the

counsel for the plaintiff in error have chosen to rest their petition; neither of which, in our opinion, is sufficient to show that their client is entitled to a rehearing of the cause.  One other exception to the judgment below, was made in the argument which took place previously to the affirmance.  It was of a different character from those we have just considered, and had relation only to the evidence.  That objection, not-being alluded to in the petition for a rehearing, is presumed to have been abandoned by the counsel, and we think correctly: we have, accordingly, not taken particular notice of it in this opinion.  The rehearing is refused. ·

*Fletcher*, *Hester*, and *Gregg*, for the plaintiff.
*Whitcomb*, for the state.

(1)  Vide *Rex* v. *Woolf*, 1 Chitt. Rep. 401, and note.— *The People* v. *Douglass*, 4 Cowen, 26.—*The People* v. *Ransom*, 7 Wend. 417, 423, 424.—*Martin's* case, 2 Leigh, 745.—*Bosley* v. *Farquar*, ante, pp. 61, 67, 70, and note (3).