[Civ. No. 6672.   Third Dist.   May 11, 1942.]

ELEANOR CATHERINE SCOTT, a Minor, etc., Appellant,
v. EARL ROBEY McPHEETERS, Respondent.

Lercara & Nelle, C. Ray Robinson, Nichols & Richards and Francis O. Hoover for Appellant.

Griffin & Boone, Cleary & Zeff, Dearing & Jertberg and Hartley F. Peart for Respondent.

STEEL, J. pro tem.—The plaintiff has appealed from a judgment in favor of the defendant, which was rendered pursuant to the verdict of a jury in a suit for damages for alleged malpractice of a physician.

A reversal of the judgment is sought on the ground that the court erred in denying plaintiff's challenge, for cause, to a prospective juror, under section 602, subdivision 7 of the Code of Civil Procedure, for bias in favor of the defendant because he had formerly acted as her physician. The plaintiff exercised her last peremptory challenge to that juror, and she was excused from the panel. It is also contended the court erred in denying plaintiff's motion for a new trial on the ground that a juror who sat in the trial of the case, was guilty of prejudicial misconduct in failing to disclose the fact that she had also previously been a patient of the defendant, and therefore entertained bias in his favor.

The complaint alleges that the defendant was guilty of malpractice in the negligent use of metal clamps and forceps incident to the birth of plaintiff. A demurrer to that complaint was sustained. On appeal, the judgment which was rendered pursuant thereto, was reversed. (*Scott* v. *McPheeters*, 33 Cal. App. (2d) 629 [92 P. (2d) 678, 93 P. (2d) 562].) Upon the first trial of this cause the jury failed to agree upon a verdict. The trial which is involved on this appeal was had before twelve jurors, including both men and women. One additional alternate juror was also examined and sworn, but he

did not participate in the determination of the case. After the examination of several jurors on their *voir dire,* and after the plaintiff had exhausted five of her peremptory challenges Mrs. Bertha M. Gum was thoroughly examined by the plaintiff as a prospective juror. In reply to an inquiry from plaintiff's attorney she stated that the defendant had previously been her family physician, but added,

"I think I can be fair minded and fair and just. . . . I could put aside any prejudice in weighing the testimony. . . . Q. In the back of your mind there is a little doubt about it, because there might be a tendency to find in favor of Dr. McPheeters. That is true, isn't it? A. No. I cannot say there is. If I firmly get my mind to weigh the evidence, unless I am convinced in my mind that the evidence was against him."

The juror further said she would obey the instructions of the court and disregard any feeling of friendship which she might have for either party and decide the case solely on the evidence adduced at the trial. Plaintiff's challenge to the juror, for cause, was denied.

When counsel for the defendant commenced to cross-examine the juror as to her state of mind, the attorney for the plaintiff announced that,

"I might save some time by stating in advance that I am going to exercise my last challenge," on this juror.

No further examination occurred, and the juror was peremptorily challenged by the plaintiff. She did not sit as a juror. Previous to the examination of any jurors on their *voir dire,* the entire panel was instructed that this was a suit against the defendant, Earl R. McPheeters, a physician, for damages for alleged malpractice exercised in the course of his professional care during the birth of the plaintiff. In the examination of several jurors, the plaintiff's attorney called attention to the fact that expert medical witnesses would be called in behalf of the defendant, and he sought to elicit their mental attitude toward such medical testimony. He also asked the jurors whether they knew certain named medical experts, whom he assumed would be called for the defendant, and whether any of them had acted as physicians for such jurors, and if so, whether the jurors would be biased or prejudiced by the physicians' evidence on that account. Mr. Harlan K. Bigelow, the juror who was examined at length in that regard, was specifically asked if he knew any one of the seven physicians, each of whom he identified by name, to

which question the juror replied "No." The attorney then asked him if he knew the defendant, Dr. McPheeters, to which he also replied "No."

Mrs. Maggie Cooper, who lived in Modesto, as did also Dr. McPheeters, was subsequently examined as a juror. She was merely asked if she had an acquaintanceship "with any of the doctors *that have been mentioned*," to which she replied that she knew Dr. Gould, whose name had been previously mentioned as a probable witness who would be called. She said he used to be her family physician. In an extensive examination she positively stated that her acquaintance with Dr. Gould would not influence her verdict in any manner. She was not asked if she was acquainted with the defendant, Dr. McPheeters. She said she would fairly and impartially try the cause and render her verdict in accordance with the instructions of the court and the evidence adduced at the trial. The plaintiff made no objection to this juror, and she was sworn to try the cause.

During the course of the trial and before the cause was submitted to the jury for its determination, one of plaintiff's attorneys told one of the attorneys for the defendant, that he had a letter from some one informing him that one of the jurors had formerly been a patient of the defendant, Dr. McPheeters, and asked if he knew whether that was true. Defendant's attorney replied that he knew nothing about that alleged fact. In spite of that information, which was received by plaintiff's attorney during the trial of the case, no application was made to the court to examine further the jurors in that regard. The attention of the court was not called to the information derived from the letter, regarding the juror. The trial was completed and the cause was argued and submitted to the jury. After deliberation thereon, a verdict was returned in favor of the defendant, by a vote of eleven to one. Mrs. Cooper agreed to the verdict for the defendant. Only one juror voted against it. This fact is shown by an affidavit signed by the eleven jurors who agreed to the verdict, which was filed in opposition to plaintiff's motion for a new trial, on the ground of the prejudicial misconduct of the juror Mrs. Cooper. The motion for a new trial was denied.

The court did not err in denying plaintiff's challenge to the juror, Bertha M. Gum, for cause. From her examination, taken as a whole, in spite of the fact that she had known

Dr. McPheeters, as her family physician, it does not appear she would have been prejudiced or biased in his favor, if she had been accepted as a juror. She asserted that she would be governed by the instructions of the court and by the evidence adduced at the trial. ■ In passing on the qualifications of a juror, the trial judge has a sound discretion to accept or reject him upon the evidence adduced. (*Mono County* v. *Flanigan,* 130 Cal. 105, 108 [62 Pac. 293].) In 15 Cal. Jur. 429, sec. 100, it is said in that regard,

"The judge is in the best position to pass upon the question of the juror's attitude, so that his decision accepting a juror is ordinarily conclusive, and will be reviewed only when it can be said as a matter of law that the juror was biased—the case must be one in which the law leaves nothing to the conscience or discretion of the judge" before a reviewing court will be warranted in reversing a case on that account.

■ Since Mrs. Gum did not sit as a juror, the appellant was not prejudiced by that ruling of the court. Her only complaint of that ruling is that she was thereby forced to exercise her last peremptory challenge on that account, which prevented her from challenging the other juror, Mrs. Cooper, for her alleged bias in favor of the defendant. There is no merit in this contention.

■ The court did not err in denying plaintiff's motion for a new trial on the ground that the juror, Mrs. Cooper, was guilty of prejudicial misconduct in concealing from the plaintiff the fact that she had formerly been a patient of the defendant, Dr. McPheeters. She was not asked on her *voir dire* examination whether she knew the defendant. In her affidavit which was filed on the motion for a new trial, she averred that she did not understand plaintiff's attorney was inquiring regarding her acquaintance with any doctor except those who had been previously named as expert witnesses. She also stated that she had not been a patient of the defendant since 1936, which was four years before the date of the trial. The affidavit of Dr. McPheeters, which was also filed on the motion for new trial, confirmed that fact. He stated that Mrs. Cooper had not been a patient of his for four years. There is no showing that acquaintance affected the verdict in any respect. The great weight of evidence in that regard is just the contrary. Eleven jurors who voted for the verdict, averred that,

"There is no effort on the part of any juror to influence

any member of the jury in the jury room other than by reference to the facts that were produced in evidence in the case and reference to the instructions of the judge as to the law governing the case.''

In support of the judgment we must therefore assume that even though Mrs. Cooper was biased in favor of the defendant, that fact in no way affected the verdict, for she did not mention her acquaintance with the defendant to any member of the jury. (*Los Angeles County Flood Control Dist.* v. *Abbot,* 24 Cal. App. (2d) 728, 741 [76 P. (2d) 188].) The only matters that were discussed by the jurors were the facts adduced in evidence and the instructions of the court. The evidence does not show that the verdict was affected by any bias on the part of the juror Mrs. Cooper, nor that she was disqualified as a juror on account of any prejudice or favoritism for either party. Even disregarding her vote, more than the number of other jurors necessary to render a valid verdict voted for its adoption.

Moreover the plaintiff waived any objection to the juror's disqualifications on that ground, for her attorney had warning by letter during the progress of the trial that the juror had once been a patient of the defendant, Dr. McPheeters, and he failed to call the court's attention to that fact or to request the court to further examine her in that regard. (*Sherwin* v. *Southern Pacific Co.,* 168 Cal. 722, 726 [145 Pac. 92] ; *Lindemann* v. *San Joaquin Cotton Oil Co.,* 5 Cal. (2d) 480, 495 [55 P. (2d) 870] ; 20 Cal. Jur. 54, § 33.)

The judgment is affirmed.

Thompson, Acting P. J., and Tuttle, J., concurred.