STURROCK *v.* STATE OF INDIANA.

[No. 28,693. Filed January 19, 1951.]

*Mellen & Mellen,* of Bedford, for appellant.

*J. Emmett McManamon,* Attorney General; *Frank E. Coughlin, George W. Hand* and *Norman J. Beatty,* Deputy Attorneys General, for appellee.

DRAPER, J.—The appellant shot her grandson to death. She was tried by jury, convicted of voluntary manslaughter, and sentenced to prison.

Although all of the prospective jurors, on *voir dire* examination, indicated they were resident voters and freeholders or householders in Lawrence County, it developed that one of them, a Paul Edwards, who had formerly been in business in Huron, in Lawrence County, and who had always had a box at the postoffice there, and had always voted there, was actually living at the time about a mile and a half over the county line in Martin County.

On the last day of the trial, just before the jury retired to reach a verdict, the appellant was informed there was a man on the jury who did not live in Lawrence County. Appellant's attorneys were informed about ten o'clock A. M. on the last day of the trial that there was a question about the residence of one of the jurors. By telephone one of appellant's attorneys attempted to ascertain the facts, but he was unable to verify his information and learn the juror's name until shortly after the jury returned the verdict about five o'clock that evening.

Nobody reported the situation to the trial court, and it does not appear that he was aware of it. No effort was made to have the trial interrupted so that the jury could be further questioned for the purpose of ascertaining whether one of them was actually a non-resident of the county, or of ascertaining the identity of any such; or to recess the trial until the facts could be determined in any other manner. It is not claimed that the juror intentionally misled anyone concerning his status or that he was partial, prejudiced, had any interest in the outcome of the trial or was in any other respect unfit to serve. Neither is it asserted that the appellant was in any way actually prejudiced by his presence on the jury.

To be qualified as a juror, either grand or petit, a person must be a resident voter of the county, and a

freeholder or householder. Burns' 1946 Replacement, § 4-3317. But will a new trial be granted solely on the ground that a juror was disqualified by non-residence to serve as a juror in the case? It is stated without qualification in 23 C. J. S., p. 1178, § 1446, that: "A new trial will not be granted solely because a juror was incompetent on account of nonresidence, although this fact was unknown to accused at the trial, and although the juror stated on his voir dire that he was a resident or was a qualified voter of the county. The question of nonresidence is one for the discretion of the trial court."

We might stop there, but here the case is even stronger against the appellant. The juror's non-residence was unquestionably a ground for challenge. But the fact of his non-residence was known to appellant and her attorneys, or was discoverable by the exercise of reasonable diligence before verdict. Under such circumstances the objection was waived by the appellant's failure to make it before an unfavorable verdict had been returned. *Barlow* v. *The State* (1827), 2 Blackf. 114; *Scott* v. *McPheeters* (1942), 52 Cal. App. 2d 61, 125 P. 2d 868; *State* v. *Alarid* (1936), 40 N. M. 450, 62 P. 2d 817; 23 C. J. S., p. 1171, § 1446. See also *Fenwick* v. *State* (1926), 197 Ind. 572, 150 N. E. 764; *Kark* v. *Central Greyhound Lines* (1949), 119 Ind. App. 303, 85 N. E. 2d 277.

The appellant also assigns as error the insufficiency of the evidence. No authorities are cited and no serious effort is made to point out any particular in which the evidence is lacking. The evidence most favorable to the verdict appears to us to be so supportive of it that no good purpose could be accomplished by relating it.

Judgment affirmed.

NOTE.—Reported in 96 N. E. 2d 226.