## LEE v. COLSON ET UX.

[No. 165, September Term, 1975.]

*Decided May 4, 1976.*

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE and ELDRIDGE, JJ.

*Henry F. Leonnig* for appellant.

*John L. Schroeder* for appellees.

LEVINE, J., delivered the opinion of the Court.

This appeal arises from an action for personal injuries brought by appellant in the Circuit Court for Prince George's County. Although a jury awarded him damages, appellant is apparently dissatisfied with the amount. On appeal, he presents the narrow contention that because of the inadvertent failure of the trial judge to strike one of the four jurors whom appellant had peremptorily challenged at

the commencement of the trial, a new trial should be granted. We granted certiorari prior to consideration of the case by the Court of Special Appeals.

The facts are simple and can be stated briefly. Among the four jurors appellant claims to have stricken in the exercise of his peremptory challenges was one "Joseph F. Gasiewicz" whose occupation was listed as "Criterion Underwriter GEICO." [1] Nevertheless, Gasiewicz was among the 12 jurors whose names were called by the clerk, acting at the direction of the court, to take their seats in the jury box. The jury was sworn and the trial commenced, concluding on the following day. Shortly after the jury had retired to deliberate, counsel became engaged in the post mortem discussion which customarily takes place at this juncture of the proceedings. It was then that counsel for appellant claims to have become initially aware of Mr. Gasiewicz's presence on the jury. At no time during the two hours the jury deliberated before reaching its verdict did appellant inform the court of these developments. It was only in his motion for a new trial that appellant, for the first time, advised the court of its inadvertent failure to strike the juror's name from the list of those called to be sworn. In denying the motion, Judge Powers ruled that by failing to raise the question earlier, appellant had waived any possible error committed by the court. We agree.

The effect of the ruling below, appellant argues, is to impose a requirement, where none presently exists, that a formal exception be taken to the court's error in failing to strike a juror. See Rule 522 a. Assuming without deciding that the act of exercising a peremptory challenge is the equivalent of an objection, appellant's argument is

---

1. At the outset of the trial, the clerk, pursuant to Maryland Rule 543, delivered to the respective parties a list of the 20 jurors included in the panel for this case. Each counsel indicated on his list the four jurors whom he wished to challenge and then returned the list to the clerk. Unfortunately, those lists apparently were destroyed immediately after the clerk relayed the names of the challenged jurors to the court. As a consequence, we must accept the affidavit of counsel for appellant that, in fact, Mr. Gasiewicz was among the four jurors he had challenged.

undermined by his failure to advise the court promptly of what he now concedes was an inadvertent error.

Moreover, wholly apart from appellant's failure to detect the presence of the challenged juror at any time during the trial, he did become aware of the error shortly after the jury retired to deliberate, but offers no explanation for his decision not to raise the matter with the trial judge prior to filing his motion for new trial. While the jury deliberated, at least one convenient opportunity to request timely action by the court was presented, since a bench conference was required to deal with a communication from the jury. We prefer not to indulge in any speculation regarding what the outcome might have been had he done so. Among the obvious possibilities, however, which could have been considered at that point was a dismissal of the juror.

While we are aware of no case dealing with the precise situation presented here, the issue of waiver of irregularity in the jury selection process is not without available precedent. Thus, it appears to be an accepted proposition that a waiver results from failure to object to an irregularity in the selection of a petit jury prior to the return of an unfavorable verdict. *See, e.g., Sturrock v. State,* 229 Ind. 161, 96 N.E.2d 226, 227 (1951); *Kark v. Central Greyhound Lines,* 119 Ind. App. 303, 85 N.E.2d 277, 279 (1949); *Louisville Baseball Club v. Hill,* 291 Ky. 333, 164 S.W.2d 398, 401 (1942); *cf. Bristow v. State,* 242 Md. 283, 287-88, 219 A. 2d 33 (1966).

The failure, therefore, to inform the court that a challenged juror had been inadvertently sworn constituted a waiver of the error.

*Judgment affirmed; appellant to pay costs.*