# WILLIAM LAWSON KING ET UX. *v.* STATE ROADS COMMISSION OF THE STATE HIGHWAY ADMINISTRATION

[No. 79, September Term, 1978.]

*Decided January 22, 1979.*

R. *Edwin Brown,* with whom were *Brown & Sturm* on the brief, for appellants.

*Frank W. Wilson, Special Attorney,* with whom were *Francis B. Burch, Attorney General,* and *Nolan H. Rogers, Assistant Attorney General,* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

Coming before this Court pursuant to our issuance of a writ of certiorari, petitioners William L. and Cordelia E. King challenge the manner in which they were required to select the jury that was impaneled to hear their case. Although we agree with the petitioners' basic contention that the method of jury selection utilized here was improper as not conforming to the requirements of the Maryland Rules, because the trial transcript fails to reflect whether a timely objection was made, we will remand the case to the trial court without affirmance or reversal for resolution of this issue and then for such further appropriate action as is later indicated in this opinion.

This action was instituted by respondent State Roads Commission when it filed separate petitions of condemnation against two parcels of land owned by the Kings. A court order consolidated the two petitions for trial and the case was called for hearing on the merits in the Circuit Court for Montgomery County on March 13, 1978. A jury trial was requested and a panel of twenty-eight citizens, chosen from a properly selected array, was subjected to voir dire questioning by the presiding judge. As a result of their answers, three of the prospective jurors were dismissed for cause and a list containing the names of the remaining twenty-five veniremen was submitted to the parties for their consideration. From the persons named on that jury roster each side peremptorily

challenged four as it was entitled to do under Maryland Rule 543 a 3. To reduce this list of seventeen veniremen to the required twelve who would constitute the special jury panel hearing the case, the trial judge struck five additional names. At this point, the record shows there were two bench conferences, the content of the second being unreported, and thereafter the panel was sworn and the trial commenced.

The evidence at trial consisted almost entirely of the expert testimony of several different appraisers as to the value of the parcels. The jury by its inquisition awarded what amounted to $1.10 per square foot for each tract. Following this verdict, petitioners filed a timely motion for a new trial in which their principal contention of error was the method by which they were required to select the jury. The trial judge denied the motion and the landowners filed a timely appeal to the Court of Special Appeals. We granted certiorari prior to that court's consideration of the matter.

No citation of authority is needed to support the proposition, which is intrinsic to the American concept of justice, that when a jury trial is authorized, the panel should be composed of fair and impartial individuals selected from among one's peers. In insuring that such an impartial jury is chosen, a reasonable peremptory challenge right plays a vital role because it permits a party to eliminate a prospective juror with personal traits or predilections that, although not challengeable for cause, will, in the opinion of the litigant, impel that individual to decide the case on a basis other than the evidence presented. *See Swain v. Alabama,* 380 U. S. 202, 219, 85 S. Ct. 824, 13 L.Ed.2d 759 (1965). *But see People v. Wheeler,* 22 Cal. 3d 258, 583 P. 2d 748, 148 Cal. Rptr. 890 (1978). In so stating, however, we recognize that neither the federal constitution, *Swain v. Alabama, supra,* nor our State constitution requires that a litigant be granted peremptory challenges in the course of jury selection. Nonetheless, in light of the importance of the peremptory challenge, it is not surprising that this State, since at least 1797, *see* 1797 Md. Laws, ch. 87, § 9, has provided for such challenges and established orderly procedures to guarantee that litigants

have a full opportunity to utilize the right.[1] Further, the importance of the peremptory challenge requires that any significant deviation from the prescribed procedure that impairs or denies the privilege's full exercise is error that, unless waived, ordinarily will require reversal without the necessity of showing prejudice. *Swain v. Alabama, supra,* 380 U. S. at 219.

Among the procedural requirements established by the Maryland Rules to govern the exercise of peremptory challenges, of particular moment in this case are those of subsections 1 and 3 of Rule 543 a. They provide:

> a. *Petit Jury.*
> 1. Lists of Twenty.
> In an action in which a jury shall be necessary, twenty persons from the panel of petit jurors shall be drawn by the clerk under the direction of the court, and their names shall be written upon two lists, and one of said lists forthwith delivered to the respective parties.
>
> * * *
>
> 3. Peremptory Strikes — Number.
> Each party may peremptorily strike, without cause, four persons from the lists of twenty provided for in paragraph 1 of section a of this Rule, and the remaining twelve persons shall thereupon be immediately empaneled and sworn as the petit jury in the action. Several defendants or several plaintiffs shall be considered as a single party for the purpose of making such peremptory strikes.

As the trial judge himself recognized at the hearing on the motion for a new trial, the method used in this instance violated the mandate of these rules, an action that not only

---

1. The present Maryland Rules dealing with peremptory challenges find their roots in statutory enactments, and thus we think it interesting that prior to 1800 the General Assembly, finding that "the integrity, experience and intelligence of jurors, is indispensably necessary for the due administration of justice," 1797 Md. Laws, ch. 87, preamble, provided for the use of peremptory challenges in a manner very similar to that found in the present Maryland Rules. *Compare* Md. Rule 543 a *with* 1797 Md. Laws, ch. 87, § 9.

flies in the face of the established principle that the Maryland Rules are precise rubrics that are to be strictly followed, *e.g.,* *Robinson v. Bd. of County Comm'rs,* 262 Md. 342, 346, 278 A. 2d 71, 73 (1971); *Brown v. Fraley,* 222 Md. 480, 483, 161 A. 2d 128, 130 (1960), but also diluted the full impact of the parties' participation in the selection of the jury.

In civil cases, the Rules contemplate the submission to the parties of a properly culled list of twenty eligible jurors, from which twelve will remain to be sworn as the jury panel after each side has exercised its four peremptory challenges. Here, however, seventeen prospective jurors remained after both parties used their peremptory strikes and five had to be eliminated by the trial judge to obtain a panel of twelve. Besides violating Rule 543 a 7, which allows the trial judge to strike jurors from the list of twenty only "[u]pon the neglect or refusal of a party to exercise peremptory strikes" or "in the event that one or more jurors stricken by the parties coincide," this selection method impaired the effectiveness of these parties' peremptory challenges to the extent that the trial judge, with five strikes, had more to say about who would not sit on the panel than either of the parties. In our view, unless waived, the only adequate remedy for such a clear violation of Rule 543 is a new trial before a correctly selected jury.

In so stating, however, we nonetheless find we are unable to discern if petitioners are entitled to this relief because the record leaves uncertainty as to whether a timely objection was made. The Kings contend they made two seasonable objections: one at an unrecorded bench conference before the jury was sworn and another at an unrecorded conference in the trial judge's chambers just prior to the judge returning to the courtroom to instruct the jury on the law applicable to the case. As to the latter, even if we assume that an objection was made when petitioners contend it occurred, we think that, while there is some authority to the effect that a protest to an irregularity in the selection of a jury can be made at any time prior to the return of an unfavorable verdict, *see Lee v. Colson,* 277 Md. 599, 601, 356 A. 2d 558, 559 (1976), when, as here, a rule clearly sets forth the jury selection procedure to

be followed, any dissatisfaction with the technical procedure actually utilized must be expressed for the record before the jury is sworn unless it can be shown that the complaining party both did not know and, with reasonable diligence, could not have known of the irregularity. Here, with a knowledge of Rule 543 a, which all parties and their counsel are charged with having, and being furnished with a list that contained more than twenty names from which they were to exercise their peremptory strikes, petitioners necessarily were cognizant of the irregularity so as to require that, if they wished to register an objection, they do so before the jury was impaneled. Thus, the issue before us is relegated to an inquiry as to whether an objection was made prior to the jury being sworn. In this regard, the trial transcript reflects that immediately prior to the administration of the oath to the jury there was a bench conference, the content of which was not recorded by the court reporter. As a consequence, the record tells us nothing concerning what took place at that conference.[2]

We have previously recognized that if a party thinks the record in this Court is incomplete or incorrect, the proper remedy is to file a motion here under Rule 826 f to correct that record. *Harmon v. State,* 227 Md. 602, 607, 177 A. 2d 902, 905 (1962). The Kings have not explicitly made such a motion, but we think that when, as here, the record is incomplete

---

2. The reporter's transcript indicates the unrecorded bench conference was the extension of a prior reported conference between the trial judge and Mr. Brown, petitioners' counsel. In full, the transcript records the following:

THE COURT: Strike your jurors.
MR. BROWN: May we approach the bench a moment?
THE COURT: All right.
    (Whereupon, bench conference as follows:)
MR. BROWN: I would move, Your Honor, that [juror] Charles Ohl
—
THE COURT: He is gone [for cause].
MR. BROWN: [Juror] Tavel.
THE COURT: He is gone [for cause]. I let him go, too.
MR. BROWN: I didn't understand it. Okay.
    (Whereupon, bench conference concluded.)
MR. BROWN: Let me approach the bench once more.
    (Whereupon, bench conference not reported.)
THE CLERK: Ladies and gentlemen, as I call your names, please come forward and be seated in the jury box.

through no apparent fault of the appealing party [3] and there is some indication in the record that tends to support that party's assertion that, in fact, a timely objection was made,[4] "the purposes of justice will be advanced by permitting further proceedings in the cause" to determine the issue, Md. Rule 871, and thus we will treat petitioners' assertions as a Rule 826 f motion and remand the case, as is provided in Rule

---

3. It is, of course, a party's responsibility to insure that a proper record is made. Nonetheless, we do not think that each party should be forced to constantly keep an eye on the court reporter to make sure every word is being recorded, especially if, as this record appears to indicate, it was the local custom that all proceedings in open court, including bench conferences, were noted in full by the reporter without a specific request from either party. Thus, we do not think that petitioners' counsel was unreasonable in expecting, as he asserted at oral argument he did, that the bench conference was being recorded.

4. The following exchange between the trial judge and Mr. Brown during the hearing on the motion for a new trial lends at least minimal support to petitioners' contention that they did object to the submitted jury list at the unrecorded bench conference:

MR. BROWN: ... [T]he Court will concede that we didn't follow the Rule?
THE COURT: I will concede that we have not been following the actual — we have not been sending up the two lists of 20, or it is one list of 20, but two little strips of paper like we used to do in the old days. Now, that I will concede.
MR. BROWN: And you will concede that you struck five?
THE COURT: I will concede that.
MR. BROWN: And you will concede that I made a timely objection?
THE COURT: Well, I am not going to concede that. I will concede that you complained about it.
MR. BROWN: That I complained about it?
THE COURT: I don't remember at what point you complained about it, but I do know, and obviously you are here complaining about it now.
MR. BROWN: You recall that I complained about it?
THE COURT: During the trial.
MR. BROWN: Before the trial began.
THE COURT: I really think you did, Ed, but I can't specify exactly when you did. That is going to be a matter of record, and if you take this up on appeal, it will show in transcript.
MR. BROWN: Well, it may; it may not. I don't have the transcript.
THE COURT: I am sure it will.
MR. BROWN: Well, we don't. I don't have the transcript.
THE COURT: I will concede whatever the transcript shows, Mr. Brown.
MR. BROWN: Well, naturally, and then —
THE COURT: I am not going to have you push me into conceding something that I don't know for sure.
MR. BROWN: I don't want to do that.
THE COURT: I know that you complained about it. At what precise point, whether it was before or after the jury was sworn, I don't know.

826 c, for certification by the trial court as to what occurred. On remand, if, after considering the record, the arguments of counsel, any trial notes he retained, or any other legitimate source, the trial judge's recollection is refreshed to the extent that he can certify as to what occurred with regard to the alleged objection, the following action should take place: If the court finds the petitioners did not make a timely objection, as specified by this opinion, the judgments previously recorded on May 4, 1978, should be reentered; however, if it finds such an objection was registered before the jury was impaneled, a new trial should be provided. On the other hand, if the trial judge is unable to reach a conclusion as to whether a timely objection was made, then, in that event, a new trial should be conducted.

> *Case remanded to the Circuit Court for Montgomery County, without affirmance or reversal, for further proceedings in accordance with this opinion.*
>
> *Costs to be paid by respondent in the event, on remand, a new trial is awarded; otherwise to be paid by petitioners.*