501 A.2d 499

**Ruth  Ellen  KLOETZLI**

v.

**Edward  S.  KALMBACHER,  et  al.**

**No.  469,  Sept.  Term,  1985.**

Court  of  Special  Appeals  of  Maryland.

Dec.  13,  1985.

**596**

Lawrence S. Greenwald (Jerrold A. Thrope and Gordon, Feinblatt, Rothman, Hoffberger & Hollander, on brief), Baltimore, for appellant.

Robert C. Verderaime, (Verderaime & DuBois, P.A., on brief for appellee, Kalmbacher), Baltimore.

J. Shawn Alcarese, Asst. City Sol. (Benjamin L. Brown, City Sol. on brief for appellee, Mayor and City Council of Baltimore), Baltimore.

Argued before WILNER, ADKINS and BELL (ROSA-LYN B.), JJ.

ROSALYN B. BELL, Judge.

The sole question presented by this appeal is whether the court erred in granting each appellee separate peremptory challenges.

Ruth Ellen Kloetzli brought suit in the Circuit Court for Baltimore City against Officer Edward S. Kalmbacher of

the Baltimore City Police Department and the Mayor and City Council of Baltimore City for injuries she sustained when she was shot in the neck by Kalmbacher.[1] She sought recovery from Kalmbacher for negligence and for deprivation of her civil rights under 42 U.S.C. § 1983. In addition, she claimed that the Mayor and City Council were negligent under the doctrine of respondeat superior.

The case was tried during 1984, and the jury returned verdicts in favor of Kalmbacher and the Mayor and City Council. The trial court granted a new trial because of an error in the jury instructions. On retrial, the jury again returned verdicts in favor of Officer Kalmbacher and the Mayor and City Council. Kloetzli then noted this appeal asserting that the court erred in granting each appellee separate peremptory challenges under Rule 2–512(h), over appellant's objection.

A bizarre and tragic series of events gave rise to this suit. Officer Kalmbacher, while on duty slightly past midnight, chased Kloetzli's vehicle through the Baltimore City streets. Kalmbacher's and Kloetzli's perceptions of what gave rise to the chase and how it proceeded were vastly different. At the end of the chase, in a manner which Kalmbacher claimed was an accident, his gun discharged and Kloetzli was badly injured.

## RULE 2–512(h)

### Two Step Process

Rule 2–512(h) provides that

"[e]ach party is permitted four peremptory challenges plus one peremptory challenge for each group of three or less alternate jurors to be impanelled. For purposes of this section, several plaintiffs or several defendants shall be considered as a single party unless the court determines that adverse or hostile interests between plaintiffs

---

1. Kloetzli's suit also included a claim against the Police Commissioner, Baltimore City Police Department. She dismissed that claim before trial.

or between defendants justify allowing to each of them separate peremptory challenges not exceeding the number available to a single party. The parties shall simultaneously exercise their peremptory challenges by striking from the list."

It is derived from former Md.Rules 543 a.3. and 4. Md.Rule 543 a.3. stated that

"[e]ach party may peremptorily strike, without cause, four persons from the lists of twenty provided for in paragraph 1 of section a of this Rule, and the remaining twelve persons shall thereupon be immediately empaneled and sworn as the petit jury in the action. Several defendants or several plaintiffs shall be considered as a single party for the purpose of making such peremptory strikes."

Md.Rule 543 a.4. explained:

"Whenever it appears that the trial of an action by a jury involves two or more plaintiffs or two or more defendants having adverse or hostile interests, or involves multiple parties and claims, including third-party claims, whether in a single action or two or more actions consolidated or consolidated for trial, the court may allow additional peremptory strikes, from additional lists of jurors to be prepared by the clerk, but no party shall be allowed more than four such strikes."

Under former Md.Rule 543 a.4., the court had the discretion to permit additional peremptory challenges if it found that two or more plaintiffs or two or more defendants had adverse or hostile interests.

In revising Md.Rules 543 a.3. and a.4., the Rules Committee considered replacing the discretionary standard with a mandatory approach. In fact, one draft of the peremptory challenge rule provided, *inter alia*, that "[s]everal plaintiffs or several defendants shall be considered as a single party ... unless the court determines that adverse or hostile interests exist between plaintiffs or between defendants." Minutes of Meeting of the Court of Appeals Standing

Committee on Rules of Practice and Procedure, April 21, 1981. The rule, as ultimately adopted, however, retained the discretionary standard. Thus, under Rule 2–512(h), the court may grant additional peremptory challenges if it "determines that adverse or hostile interests between plaintiffs or between defendants *justify* allowing to each of them separate peremptory challenges...." (Emphasis added.)

We hold that the determination of whether multiple plaintiffs or multiple defendants are entitled to additional challenges under Rule 2–512(h) involves a two step process. First, the court must make a factual finding of adverse or hostile interest, and second, the court, in its discretion, must determine whether that interest would justify allowing the added challenges. Furthermore, the burden of establishing the existence of that adverse or hostile interest is upon the proponent of the request.

Our task, then, is to determine whether the court erred in concluding that the interests of appellees were adverse or hostile and if the court did not err, whether the court abused its discretion in granting them separate peremptory challenges.

### -Adverse or Hostile Interest-

At the outset, appellant asserts that the court erred in granting the additional peremptory challenges because it did not determine that appellees' interests were adverse or hostile, as it was required to do under Rule 2–512(h). While appellant is correct that the court did not make a specific finding of adversity or hostility, this is of little assistance to her.

The judge is presumed to know the law and to perform his or her duties properly. *Olson v. Olson,* 64 Md.App. 154, 494 A.2d 737 (1985); *Stern v. Stern,* 58 Md.App. 280, 473 A.2d 56 (1984). Implicit in the allowance of the separate challenges was a determination that the parties' interests were adverse or hostile. In any event, the Rule does not require that an express determination be made. If that

were the mandate of the Rule, it would have so provided. (*See* Rule 2–602(b)—court may direct entry of a final judgment only if it expressly determines "there is no just reason for delay....") Furthermore, appellant did not object to what she now claims was error, namely, the court's failure to find specifically that the interests were adverse or hostile. Finally, as we will explain, *infra*, the pleadings, appellees' representation by separate counsel and the nature of the claims against them demonstrate that the court did not err in determining that their interests were adverse or hostile. Appellant asserts conversely that appellees' interests were not adverse or hostile. We disagree and will explain.

Adverse means "[h]aving opposing interests; having interests for the preservation of which opposition is essential." Black's Law Dictionary 49 (rev. 5th ed. 1979). Hostile is defined as "[h]aving the character of an enemy; standing in the relation of an enemy." *Id.* at 664.

■ In examining whether there is adversity or hostility for purposes of Rule 2–512(h), we look to the pleadings, *Lustine v. State Roads Commission*, 221 Md. 322, 327, 157 A.2d 456 (1960); *Hunsaker v. Bozeman Deaconess Foundation*, 179 Mont. 305, 588 P.2d 493 (1978); the nature of the parties' representation—that is, whether they are represented by the same or independent counsel, *Lustine v. State Roads Commission, supra;* and the nature of the claims. *See Lustine v. State Roads Commission, supra.*

■ In the case *sub judice*, the pleadings do not negate adversity or hostility. Appellant alleged that Kalmbacher served as an agent of the Mayor and City Council. He did not deny this agency because he was not required to respond to the count against the Mayor and City Council. He did, however, admit that when the incident occurred he was on duty. Appellee Mayor and City Council responding to the count alleging liability under respondeat superior averred that "Officer Kalmbacher was not the agent, servant or employee of this defendant, as a matter of law, as

alleged." Appellee Kalmbacher did not file a responsive pleading contesting this allegation, nor was he required to do so. Further, each appellee was represented by independent counsel. Finally, the nature of the claims brought by appellant as contested by the appellees created adversity between the appellees. We will explain.

As stated earlier, appellant sued appellee Kalmbacher for negligence and for violation of her civil rights under 42 U.S.C. § 1983. She sued appellee Mayor and City Council for vicarious negligence under the doctrine of respondeat superior. She brought no claim against it under 42 U.S.C. § 1983.[2]

On the day of trial after the jury was brought in and the roll called, the court stated that there were insufficient jurors "inasmuch as we have to have 12 strikes."[3] The court added "Do you want your objection on the record?" The court heard first from counsel for appellant who denied any possible hostile or adverse interests. Next counsel for appellee Mayor and City Council pointed out that insofar as the negligence claims were concerned he was "claiming that the officer is not an agent and servant of the Mayor and City Council; that he is under agency other than an agency of the Mayor and City Council."

Lastly, counsel for appellee Kalmbacher addressed the court and admitted that "our interests are the same insofar as we are defending Officer Kalmbacher against all these claims ... but that [t]hey become diverse if there is any liability on the part of Officer Kalmbacher." Furthermore, he asserted that if Kalmbacher was acting as an agent of the City, then the City's self-insurance program would pay for up to $20,000 of any judgment against him.

---

**2.** As a matter of law, municipalities cannot be vicariously liable under § 1983. *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

**3.** As it developed fifteen strikes were needed—four each for the panel and one each for the alternate.

With these comments, counsel for appellee Kalmbacher placed on the record a basis upon which the court could determine whether there was an adverse interest. The Mayor and City Council had already taken a position adverse to Kalmbacher on the issue of agency. Counsel for Kalmbacher then focused on that opposing position and gave his reasons. The court dealt with the comments by counsel as a motion by appellant for additional strikes. It denied that motion remarking "I have indicated that each defendant will be given four strikes." While this procedure was irregular, it was consistent with the procedure which was being followed without objection.[4]

We hold that under the circumstances of this case a sufficient basis was established to support a finding of adverse interest.

Appellant maintains, nevertheless, that there was no adverse interest. She has relied on a number of cases from other jurisdictions to establish that the interest here is neither adverse nor hostile. She asserts that she has found no Maryland case which defines when "the interests of parties are 'adverse or hostile' within the meaning of Rule 2–512(h)...." She claims, however, that there are several cases in other jurisdictions "which have addressed similar issues" and which support her position that appellees' interests are not adverse or hostile. Specifically, she refers us to *Cornfeldt v. Tongen*, 262 N.W.2d 684 (Minn.1977), *rev'd. on other grounds*, 295 N.W.2d 638 (1980); *Doralee Estates, Inc. v. Cities Service Oil Co.*, 569 F.2d 716 (2nd Cir.1977); and *Strickland v. Roosevelt County Rural Electric Cooperative*, 94 N.M. 459, 612 P.2d 689 (1980), *aff'd.*, 99 N.M. 335, 657 P.2d 1184 (1982), *cert. denied*, 463 U.S. 1209, 103 S.Ct. 3540, 77 L.Ed.2d 1390 (1983).

---

**4.** The record does not disclose whether the issue of additional peremptory challenges was the subject of a prior chambers conference, but we do note that appellees were permitted separate strikes at the first trial in this case. Either fact could account for the irregular procedure and this sparse record.

While these cases do support appellant's position by limiting adverse or hostile interests to situations where there are cross-claims, appellees have also referred us to cases—*Sewell v. Wilson,*[5] 101 N.M. 486, 684 P.2d 1151 (1984); *Distad v. Cubin,* 633 P.2d 167 (Wyo.1981)—which interpret adverse or hostile interests to include antagonistic positions regardless of whether there are cross-claims.

Where as here, there are no cross-claims but otherwise aligned parties take opposing positions on an issue—the determination of which will decide whether one or both are liable—their interests are sufficiently adverse for purposes of Rule 2–512(h).

We do not hold, however, that every case involving an adverse or hostile interest mandates additional peremptory challenges. Nor do we hold that whenever respondeat superior is an issue the court must or should permit additional challenges. On the contrary, the party seeking those additional challenges has the burden of establishing an adverse or hostile interest. Moreover, the court upon finding that there are adverse or hostile interests must then exercise its discretion in deciding whether separate peremptory challenges are justified. Rule 2–512(h).

### -Justification-

In the case *sub judice,* the court determined that appellees' interests were sufficiently adverse to justify separate peremptory challenges. Appellant has not claimed any abuse of discretion, nor do we perceive any.

### *Timing*

Appellant goes on to argue that because the court ruled at the close of the evidence that appellee Mayor and City Council would be vicariously liable, as a matter of law, if appellee Kalmbacher was found liable, there was no adver-

---

**5.** In *Sewell v. Wilson,* 101 N.M. 486, 684 P.2d 1151 (1984), the Court, in effect, overruled *Strickland v. Roosevelt County Rural Electric Cooperative,* 94 N.M. 459, 612 P.2d 689 (1980), upon which appellant relied.

sity or hostility between the parties when the jury was selected.

This is irrelevant. Under Rule 2–512(h), the court, in its discretion, may grant separate peremptory challenges if it determines that the parties' interests are sufficiently adverse or hostile to "justify" the additional challenges. *Id.* The adversity between appellees must be found or not found as of the time the decision on separate challenges is made. The court's later ruling is not conclusive that no adversity or hostility existed at the time of jury selection; nor does it vindicate that earlier determination.

We are directed to no grounds on which we are persuaded that the court abused its discretion in granting the additional peremptory challenges.

## EFFECT OF THE ADDITIONAL CHALLENGES

Appellant next maintains that "[t]he jury selection process here impaired the effectiveness of [her] peremptory challenges" because appellees were allowed five additional peremptory strikes. In support of this proposition appellant refers us to *King v. State Roads Commission,* 284 Md. 368, 396 A.2d 267 (1979).

*King* is inapposite. In *King,* each party was entitled to four peremptory challenges. The court presented the parties with a panel of twenty-five prospective jurors for consideration. After the litigants each exercised their peremptory challenges the court then struck an additional five jurors to reduce the number to twelve. The Court of Appeals held that this selection method violated Md.Rule 543 a.7 (now embodied in Rule 2–512(g)) and "impaired the effectiveness of these parties' peremptory challenges to the extent that the trial judge, with five strikes, had more to say about who would not sit on the panel than either of the parties." *Id.* at 372, 396 A.2d 267. The Court further explained that any significant deviation from the prescribed procedure for peremptory challenges unless waived "will require reversal without the necessity of showing preju-

dice" if the privilege's full exercise is impaired or denied. *Id.* at 371, 396 A.2d 267.

In the case before us, there was no significant deviation from the prescribed procedure for granting additional peremptory challenges under Rule 2–512(h); hence, the effectiveness of the selection process was not impaired.

JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.