Mark GREEN, Petitioner,

v.

UNITED STATES of America,
Respondent.

Civil Action No. 96–5629.

United States District Court,
E.D. Pennsylvania.

July 24, 1997.

Mark Green, Fairton, NJ, pro se.

Michael P. Doss, Kristin R. Hayes, U.S.
Atty's Office, Philadephia, PA, for Respon-
dent.

## MEMORANDUM

EDUARDO C. ROBRENO, District
Judge.

### I. INTRODUCTION

On February 11, 1993, petitioner was con-
victed by a jury of threatening a federal law
enforcement official. The Third Circuit
Court of Appeals affirmed the conviction and
sentence.[1] Petitioner now moves to vacate

---

1. In December of 1992, the grand jury returned a superseding indictment charging petitioner Mark Green with counts bank fraud, credit card fraud, mail fraud, uttering and possessing a forged security, and threatening a federal law enforcement official and his family. The petitioner entered a plea of guilty to all counts but the two counts of threatening a federal law enforcement officer and his family. After a jury trial, the petitioner was found guilty of those two counts. Petitioner appealed the conviction and the court of appeals affirmed the conviction on the charge of threatening a law enforcement officer but reversed the conviction on the charge of threatening the family of a law enforcement officer. Upon remand, the Court resentenced petitioner to the same sentence as had been previously imposed by the Court.

his sentence and for a new trial claiming that the ineffectiveness of his counsel[2] violated his Sixth Amendment rights.

Petitioner argues that under the Federal Rules of Criminal Procedure he was entitled to ten peremptory challenges. He contends that the trial court's failure to grant the petitioner's motion to strike a juror, who both parties agreed should be stricken for cause, forced him to use one of his ten peremptory challenges to remove that juror. Petitioner argues that by being required to "waste" one of his ten challenges in removing a juror who the Court should have removed for cause, his right to a full complement of ten peremptory challenges was impaired. Petitioner concludes that his appellate counsel's failure to raise on direct appeal the impairment of petitioner's right to a full complement of peremptory challenges constituted ineffective assistance of counsel. The Court agrees and, for the reasons that follow, will grant the petitioner's request for vacatur and a new trial.

**2.** The petitioner filed a pro se petition claiming that his trial counsel, who also represented the petitioner on direct appeal, was ineffective in four ways: (1) he failed to appeal the Court's decision to allow the government to reopen the case after the government had rested; (2) he failed to appeal the sentencing enhancement for obstruction of justice; (3) he failed to call known exculpatory witnesses at trial; and (4) he failed to object to the inclusion of a juror in the jury pool who counsel had requested, and the Court had agreed, should be stricken for cause.

Upon review of the petitioner's original petition, the Court directed the parties to brief the issue of whether the failure to remove a juror for cause implicated the decision of the Third Circuit in *Kirk v. Raymark Industries, Inc.*, 61 F.3d 147 (3d Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 1015, 134 L.Ed.2d 95 (1996). Thereafter, the Court appointed counsel for the petitioner in this matter. Appointed counsel raised two additional, but related, claims of ineffective assistance of counsel: (1) upon reopening of the case, the petitioner's counsel failed to object to the introduction of extrinsic evidence to impeach a witness; and (2) petitioner's counsel neglected to appeal the denial or impairment of the petitioner's right to peremptory challenges caused by having to use one peremptory challenge to strike a juror who should have been stricken for cause. Because the Court grants petitioner the relief he seeks on the ground of ineffectiveness of his appellate counsel, the Court does not reach the petitioner's other claims for relief.

## II. BACKGROUND

During voir dire, juror number 16 advised the Court that he had a son who was a police officer with the Philadelphia Police Department, Trial Transcript of Feb. 9, 1993 at 1–70, that his son had been shot at while on duty and had his arm dislocated, *Id.* at 1–111, that for these reasons he would have difficulty being fair, objective and impartial, Id. at 1–82, 1–111 to 1–112, and that he felt he "would be on the side of the police officers completely." *Id.* at 1–111. Petitioner's counsel moved to strike juror number 16 for cause. Counsel for the government did not object. Id. at 1–120 to 1–121. The trial court, while initially indicating that it intended to excuse juror number 16, ultimately failed to include juror number 16 among the jurors who were excused for cause. *Id.* at 1–121, 1–123.[3]

During jury selection, petitioner used all ten of the peremptory challenges afforded to him under Federal Rule of Criminal Procedure 24(b). One of the peremptory challenges was used to strike juror number 16.

**3.** While it appears from the transcript that the Court intended to grant the motion striking juror number 16, it also appears that in the exigencies of the sidebar conference, the Court failed to include juror number 16 among those jurors who would be excused for cause. The Court's sidebar discussion with counsel went as follows:

> THE COURT: Thank you. Okay, let's see— we're going to—dismiss—29. Now if there's any other—jurors that—you agree to dismiss for cause—
> MR. GROSS [petitioner's trial counsel]: I have 6 and 7, *16* and maybe 22 (indiscern.). They couldn't keep an open mind—
> MR. DOSS [Assistant United States Attorney]: I have no objection to that. Juror *16*—
> THE COURT: *# 16*—
> MR. GROSS: The others Your Honor, I just—I could—they—they just couldn't, you know, (indiscern.)—
> THE COURT: No, let me see them—1,2, 6 and 7, *16* and 29. That would be 4—
> MR. GROSS: *# 6, 7, 16,* 29—
>
> .    .    .    .    .
>
> THE COURT: Okay, well let's—if we—if we take him out that would be 6, 7, 12—29. Anybody else?
>
> .    .    .    .    .
>
> THE COURT: So, let's see. We can pick from the following jurors are being released for cause: 6, 7, 12, 29, 33 and 4. Okay?
> MR. GROSS: Okay.

Trial Transcript of Feb. 9, 1993 at 1–121 to 1–123 (emphasis added).

*See* Minute Sheet of Feb. 9, 1993 and Attached Impanelled Jury Strike List (doc. no. 45).

After the jury returned a guilty verdict, petitioner filed a timely notice of appeal. Trial counsel was appointed to represent petitioner in his appeal. On appeal, petitioner's counsel did not contend that the trial court's failure to strike juror number 16 for cause had forced him to waste a peremptory challenge, thus impairing his right to the exercise of a full complement of ten peremptory challenges, as provided for in Federal Rule of Criminal Procedure 24(b).

## III. DISCUSSION

■ A prisoner in custody under a sentence of a federal court may petition for relief of that sentence based on violation of a constitutional right, or a violation of federal law involving a "fundamental defect which inherently results in a complete miscarriage of justice." *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). Section 2255 of title 28 of the United States Code provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> A motion for such relief may be made at any time.
>
> ... If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resen-

tence him or grant a new trial or correct the sentence as may. appear appropriate.

28 U.S.C. § 2255.

As a basis for his petition, petitioner claims an infringement or denial of his constitutional right to effective assistance of counsel guaranteed by the Sixth Amendment. U.S. Const. amend. VI. The alleged ineffectiveness was his appellate counsel's failure to appeal the impairment of his right to a full complement of peremptory challenges provided for in Federal Rule of Criminal Procedure 24(b). Rule 24(b) provides in pertinent part: "If the offense charged is punishable by imprisonment for more than one year, the government is entitled to 6 peremptory challenges and the defendant or defendants jointly to 10 peremptory challenges." Fed. R.Crim.P. 24(b). Petitioner argues that, by failing to strike juror number 16 for cause, the trial court forced him to use one of his peremptory challenges to remove juror number 16, and effectively reduced petitioner's peremptory challenges from ten to nine.

■ A violation of Rule 24(b) claim, because it raises a statutory and not a constitutional claim, ordinarily would not form a basis for relief under section 2255. However, the ineffectiveness of counsel in not raising a statutory claim on appeal can constitute a valid constitutional claim. "Although nonconstitutional issues cannot serve as an independent basis for section 2255 relief, .... [i]neffective assistance of counsel, because it is a constitutional issue, can ... serve as a valid basis for section 2255 relief." *Belford v. United States,* 975 F.2d 310, 313 n. 1 (7th Cir.1992).

A Sixth Amendment claim based on "[a] convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction ... has two components. First, the defendant must show that counsel's performance was deficient.... Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

## A. The Deficiency Prong of Strickland

To satisfy the deficiency prong of *Strickland,* the petitioner must show that "counsel's representation fell below an objective standard of reasonableness" which is "simply reasonableness under prevailing professional norms .... considering all the circumstances." *Id.* at 688, 104 S.Ct. at 2065.

> In reviewing counsel's performance, we "must be highly deferential." ... We "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." ... Moreover, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' "

*Sistrunk v. Vaughn,* 96 F.3d 666, 670 (3d Cir.1996) (quoting *Strickland,* 466 U.S. at 689–90, 104 S.Ct. at 2065–66) (citation omitted). Additionally, the petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066.

Petitioner here alleges, inter alia, that the omission by counsel which fell below an objective standard of reasonableness was counsel's failure to appeal the impairment of the petitioner's statutory right to a full complement of ten peremptory challenges. "[T]he fact that the nonconstitutional issues were not raised on direct appeal can be used as evidence of ineffective assistance of counsel." *Belford,* 975 F.2d at 313 n. 1.

The failure to appeal a particular issue does not per se amount to representation falling below an objective standard of reasonableness. For example, counsel may decide to concentrate his fire on the most meritorious claims and forego less likely to succeed or marginal claims in the interest of focus and clarity of advocacy. "Appealing losing issues 'runs the risk of burying good arguments ... in a verbal mound made up of strong and weak contentions.' *[Jones v. Barnes,* 463 U.S. 745, 753, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983) ]. Indeed, the

'process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.' " *Sistrunk,* 96 F.3d at 670 (quoting *Smith v. Murray,* 477 U.S. 527, 536, 106 S.Ct. 2661, 2667, 91 L.Ed.2d 434(1986)) (internal quotations and citation omitted).

■ The instant case, however, does not involve such a tactical decision. Rather, as discussed below, it is clear that petitioner had a high probability of succeeding on the merits of the omitted claim and there is nothing to suggest that the failure to do so was the result of counsel's reasoned judgment. Therefore, counsel's failure to raise this claim on appeal constituted a considerable oversight. " '[W]here the deficiencies in counsel's performance are severe and cannot be characterized as the product of strategic judgment,' the first prong of *Strickland* is clearly met." *Hull v. Freeman,* 932 F.2d 159, 167 (3d Cir.1991) (quoting *United States v. Gray,* 878 F.2d 702, 711 (3d Cir.1989)).

The Court concludes that because the petitioner's claim of impairment of the statutory right to a full complement of peremptory challenges was plainly apparent on the trial record, had a high probability of success, and was not foregone on the basis of a tactical decision, the failure to raise it on appeal fell below the objective standards of reasonableness required under *Strickland. See, e.g., United States v. Kauffman,* 109 F.3d 186, 190 (3d Cir.1997) (finding that counsel's failure to investigate possibility of an insanity defense fell below an objective standard of reasonableness); *United States v. Headley,* 923 F.2d 1079, 1084 (3d Cir.1991) (finding below an objective standard of reasonableness trial counsel's failure to request a downward adjustment based on the defendant's minor or minimal role in the offense where counsel had been put on notice by the presentence investigation report that such a request "might have been fruitful"); *Conhaim v. United States,* Civ. A. No. 96–547, 1996 WL 527346 (N.D.N.Y. Sept.9, 1996) (finding below an objective standard of reasonableness appellate counsel's failure to appeal a violation of defendant's right to address the

court at sentencing, pursuant to Federal Rule of Criminal Procedure 32(c)(3)(C)).

### B. *The Prejudice Prong of Strickland*

■ To satisfy the prejudice prong of *Strickland*, "[i]t is not enough to show that the errors had some conceivable effect on the outcome of the proceeding," rather, the petitioner "must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 693–94, 104 S.Ct. at 2067–68. Petitioner alleges that, had his counsel appealed the alleged denial or infringement of petitioner's right to peremptory challenges, there would have been a reasonable

4. The government contends that the trial court in fact granted the petitioner's request to strike juror number 16 and that it was counsel's error in failing to insure that the trial court's initial ruling was carried out that caused petitioner's injury. Based on this view of the facts, the government contends that because trial counsel failed to preserve the issue of petitioner's right to peremptory challenges by not timely objecting to the retention of juror number 16, or pointing out to the trial court its failure to strike juror number 16, the issue had been waived and, therefore, there was no issue to be appealed and no error by appellate counsel.

   Even if the error could be attributed to petitioner's trial counsel and not to the trial court, the result would not differ. A failure to object to the retention of juror number 16 in the jury pool, or, as the government argues, failure to insure that the trial court's order striking juror number 16 was duly followed, does not bar an appeal if the alleged dereliction rises to the level of plain error. The Federal Rules of Criminal Procedure provide that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Fed.R.Crim.P. 52(b). The Supreme Court has recently found that to be plain error "[t]here must be an error that is plain and that affect[s] substantial rights." *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993) (internal quotations and citations omitted).

   In *Olano*, the Supreme Court concluded there was no plain error where two alternate jurors were permitted to attend deliberations but did not participate. However, the Supreme Court noted that "[t]here may be a special category of forfeited errors that can be corrected regardless of their effect on the outcome, but this issue need not be addressed. Nor need we address those errors that should be presumed prejudicial if the

probability that petitioner would have been granted a new trial.[4]

It is the rule in the Third Circuit that "compelling a party to use any number of its statutorily-mandated peremptory challenges to strike a juror who should have been removed for cause is tantamount to giving the party less than its full allotment of peremptory challenges." *Kirk v. Raymark Industries, Inc.*, 61 F.3d 147, 157 (3d Cir.1995), *cert. denied*, ___ U.S. ___, 116 S.Ct. 1015, 134 L.Ed.2d 95 (1996). This type of impairment or denial of a peremptory challenge, the Third Circuit has concluded, constitutes reversible error per se. *Id.* at 160. Thus, under Third Circuit jurisprudence, it is clear that, had the impairment of petitioner's statutory right to a full complement of perempto-

defendant cannot make a specific showing of prejudice." *Id.* at 735, 113 S.Ct. at 1778.

   Third Circuit precedent indicates that an impairment of a defendant's right to peremptory challenges provided by Rule 24(b) is one of those instances which, under *Olano*, is presumed to be prejudicial. *See Kirk v. Raymark*, 61 F.3d 147, 157 n. 7 (3d Cir.1995) (observing "impairment of the right to exercise peremptory challenges is usually deemed to be prejudicial error, without a showing of prejudice."), *cert. denied*, ___ U.S. ___, 116 S.Ct. 1015, 134 L.Ed.2d 95 (1996). The Third Circuit has emphasized the importance of the right to peremptory challenges and has mandated a remedy of per se reversal for any impairment of that right. *See id.* at 162; *United States v. Ruuska*, 883 F.2d 262, 268 (3d Cir. 1989). Furthermore, the Third Circuit has rejected arguments that the right to peremptory challenges is not an error that "affect[s] substantial rights." *Ruuska*, 883 F.2d at 268 (rejecting the government's argument that "even if an impairment of Ruuska's right to exercise peremptory challenges did occur, it was not an error affecting a substantial right of the defendant" as "misperceiv[ing] the nature of the right to exercise peremptory challenges.") In light of the Third Circuit's emphasis on the importance of the right to peremptory challenges, the Court concludes that an impairment of peremptory challenges "affects substantial rights" of the petitioner, and would have been reviewable on direct appeal as plain error, pursuant to Federal Rule of Criminal Procedure 52(b). Therefore, even if the error charged had been that of counsel and not of the trial court, appellate counsel was ineffective in not raising it on direct appeal. *See United States v. Dozier*, 119 F.3d 239 (3d Cir. 1997) (applying plain error analysis in reversing a conviction upon ex post facto grounds that had not been raised below).

ry challenges been raised on direct appeal, it was likely that petitioner would have been granted a new trial.

The Court recognizes that *Kirk* is a civil case and that it was decided in 1995, a full year after the petitioner's appeal was decided by the Third Circuit. The *Kirk* court, however, relied heavily on the teachings of *United States v. Ruuska*, 883 F.2d 262 (3d Cir. 1989), a criminal case, decided five years before *Kirk*, in which the Third Circuit held that an impairment of the right to peremptory challenges was per se reversible error. In any event, the government concedes that, in light of *Ruuska*, the rule announced in *Kirk*, mandating a reversal per se in cases where a party is forced to "waste" a peremptory challenge as a result of the court's failure to strike a juror for cause, was the controlling rule in criminal cases in the Third Circuit at the time petitioner's direct appeal was decided. Given that petitioner has shown that counsel's conduct caused him prejudice, the Court concludes that the second prong of *Strickland* is satisfied.

## IV. CONCLUSION

The petitioner, having successfully shown that the failure to appeal the impairment of his right to a full complement of peremptory challenges fell below an objective standard of reasonableness, and that the resulting deficiency prejudiced the outcome of his appeal, the Court concludes that petitioner was denied his Sixth Amendment right to effective assistance of counsel. Therefore, petitioner's request for vacatur and a new trial is granted pursuant to section 2255 of title 28 of the United States Code. An appropriate order follows.

### ORDER

**AND NOW**, this **24th** day of **July, 1997**, upon consideration of petitioner's petition to vacate, set aside or correct sentence and for a new trial pursuant to 28 U.S.C. § 2255 and supporting memoranda (doc. nos. 95 & 110), and the government's responses thereto (doc. nos. 99, 101 & 111), it is **ORDERED** that the petitioner's motion is **GRANTED** petitioner's sentence is hereby vacated and a new trial is ordered.

It is **FURTHER ORDERED** that the government shall have 70 days to retry the petitioner, unless otherwise ordered by the Court.

**AND SO IT IS ORDERED.**