## STEVE PEARSON *v.* STATE OF MARYLAND

[No. 706, September Term, 1971.]

*Decided June 6, 1972.*

The cause was argued before MORTON, MOYLAN and GILBERT, JJ.

*James J. White, III,* for appellant.

*David B. Allen, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Richard R. Cooper, State's Attorney for Kent County,* on the brief, for appellee.

GILBERT, J., delivered the opinion of the Court.

This appeal involves the right to challenge peremptorily prospective jurors. Such right has been conferred upon an accused and the State by the common law, case law, statute and rule of court.

Art. 51, § 15 of the Annotated Code of Maryland (1968 Repl. Vol.) provides:

> "In all criminal cases called for trial in any court in which a jury shall be necessary, ac-

cording to the Constitution and laws of this State, other than cases in which the offense charged is punishable by death or confinement in the penitentiary, twenty persons from the panel of petit jurors shall be drawn by ballot by the clerk under the direction of the court, and the names of the twenty persons shall be written upon two lists, * * *; and the said parties or their counsel shall each be permitted four peremptory challenges in accordance with Rule 746 of the Maryland Rules of Procedure and the remaining twelve persons shall thereupon be immediately empaneled and sworn as the petit jury in such cause. If the trial is for an offense punishable by death or confinement in the penitentiary, such additional names shall be added to the panel of petit jurors as may be necessary to enable the parties to exercise their right of peremptory challenge in accordance with Rule 746 of the Maryland Rules of Procedure."

The net result of § 15, *supra,* when read in conjunction with Rule 746, is to allocate, in criminal cases, four peremptory challenges to each of the parties (if there be more than one defendant the defense shall only be entitled to four peremptory challenges, collectively, unless the interest of each defendant is adverse or hostile to the other), except in those criminal trials where the offense charged is punishable by death or confinement in the penitentiary for twenty years or more.

Rule 746, entitled "Challenge—Peremptory" provides in pertinent part:

"a. *Number.*

1. Cases Involving Death, Life Imprisonment or Twenty Years or More.

In a trial in which the defendant is subject, on any single count, to a sentence of death, life imprisonment or twenty years or more of

imprisonment, except for common law offenses for which no specific penalty is provided by statute, each defendant shall be permitted twenty peremptory challenges and the State shall be permitted ten peremptory challenges for each defendant.

* * *

"c. *When Made.*

A peremptory challenge may be exercised as a matter of right until the time that the jury is sworn."

The Court of Appeals in *Turpin v. State,* 55 Md. 462, 464 (1881), speaking through Chief Judge Bartol, quoted with approval from I Ch. Crim. L. 534 m., wherein it is said:

"Peremptory challenges are those which are made to the juror, without assigning any reason, and which the courts are bound to respect."

The court then quoted from Proffat on Jury Trials, sec. 155, which states:

"The right of peremptory challenge is deemed a most essential one to a prisoner, and is highly esteemed and protected in the law. It is the right to exclude from the panel those who may be suspected of entertaining a prejudice against a party, where sufficient reasons cannot be given for their exclusion for cause."

In this state, the right to peremptory challenges was first secured to a prisoner charged with capital offenses only.[1] By the Acts of 1841, ch. 162 (December session), the right of peremptory challenge was extended to every person indicted for any crime or misdemeanor, the

---

1. Acts of 1737, ch. 2; Acts of 1744, ch. 20; Acts of 1751, ch. 14; Acts of 1809, ch. 138, sec. 13; Acts of 1816, ch. 45.

punishment for which was confinement in the penitentiary.[2]

The Supreme Court in *Swain v. Alabama,* 380 U. S. 202, 85 S. Ct. 824, 13 L.Ed.2d 759 (1965), speaking through Mr. Justice White, said:

> "While challenges for cause permit rejection of jurors on a narrowly specified, provable and legally cognizable basis of partiality, the peremptory permits rejection for a real or imagined partiality that is less easily designated or demonstrable. *Hayes v. Missouri,* 120 U. S. 68, 70. It is often exercised upon the 'sudden impressions and unaccountable prejudices we are apt to conceive upon the bare looks and gestures of another,' *Lewis,* [*v. United States* 146 U. S. 370], *supra,* at 376, upon a juror's 'habits and associations,' *Hayes v. Missouri, supra,* at 70, or upon the feeling that 'the bare questioning [a juror's] indifference may sometimes provoke a resentment,' *Lewis, supra,* at 376. * * * Hence veniremen are not always judged solely as individuals for the purpose of exercising peremptory challenges. Rather they are challenged in light of the limited knowledge counsel has of them, which may include their group affiliations, in the context of the case to be tried."

See also *Harrison v. United States,* 163 U. S. 140, 16 S. Ct. 961, 41 L. Ed. 104 (1896) ; *Johnson v. State,* 9 Md. App. 143, 150, 262 A. 2d 792 (1970).

The peremptory challenge is ofttimes utilized to exclude prospective jurors for what would normally appear to be totally irrelevant reasons if sought to be used.

---

2. The State had no right to challenge peremptorily, except in the City of Baltimore, until the Acts of 1872, ch. 40, as a result of which the State acquired the right to challenge peremptorily a maximum of four jurors without assigning cause. Under the Acts of 1860, ch. 308, § 18, the right to challenge peremptorily . . . was conferred on the State for use in the City of Baltimore only.

as a basis to challenge for cause. Thus counsel may for visceral reasons peremptorily challenge because of race, creed, color, nationality, occupation, age, sex, and affiliations, *inter alia. Swain v. Alabama, supra; Johnson v. State, supra.*

In the instant case, Steve Pearson, appellant, was indicted by the Grand Jury for Kent County, in a single indictment charging the following counts: (1) common law assault upon one Bernard Francis O'Grady; (2) robbery, (Art. 27, § 486); (3) unauthorized use of a motor vehicle, (Art. 27, § 349); (4) conspiracy to commit robbery, (Art. 27, § 38); (5) burglary, (Art. 27, § 29); (6) rogue and vagabond, (Art. 27, § 490); (7) larceny of goods valued at $100 or more, (Art. 27, § 340); (8) receiving stolen goods, (Art. 27, § 466).

When the case was called for trial, the State entered a *nol pros* as to Count 2, robbery, and Count 3, unauthorized use of a motor vehicle. Counsel for the appellant stated to the trial court:

> "For the record, I would like to make an objection at this point. The objection is that the defendant is charged with a felony and we only are allowed under the present Maryland Rule four strikes, and I think that constitutionally this is invalid. I think the defendant is entitled to exercise a number of strikes that have been previously allowed by defendants in previous cases over a period of years. I would like to make this objection for the record at this time."

The State demurred and suggested that the rule pertaining to four strikes be followed. The trial court stated:

> "I would be inclined to go along with the rule in this matter."

Unfortunately, the trial court did not "go along with the rule" and because of the failure to follow Rule 746,

we shall reverse the judgment and remand the matter for a new trial.[3]

On the face of the indictment, Count 5 charges a violation of Art. 27, § 29. That section provides that a person convicted of burglary shall make restitution to the owner and "be sentenced to imprisonment in jail or in the Maryland House of Correction or in the Maryland Penitentiary for not more than twenty years." It is obvious that in accordance with Rule 746 the appellant was entitled to twenty peremptory challenges as a matter of right and he should not have been limited to just the four. The indictment charged in Count 5:

> "that the said Steve Pearson * * * feloniously committed burglary of the dwelling of Bernard Francis O'Grady and Rebecca B. O'Grady, his wife; * * * (Article 27, Section 29)"

The use of this language has been held sufficient by this court to charge both common law burglary, Art. 27, § 29, and statutory burglary, Art. 27, § 30 (a). See *Reagan v. State,* 4 Md. App. 590, 595, 244 A. 2d 623 (1968). Here, the indictment clearly charges a violation of Art. 27, § 29, which provides, as above quoted, for imprisonment of not more than twenty years. The appellant was convicted of this charge, as well as for assault and larceny.

The State argues that the appellant's objection to his being restricted to four challenges was not properly preserved for appeal. We view the matter differently. While counsel's objection may have been inarticulately phrased, it, nevertheless, we think, sufficiently preserved the point for our review.

The failure of the trial court to allow the appellant

---

3. The rules are precise rubrics to be read and followed. They are not guides to the practice of law. *Brown v. Fraley,* 222 Md. 480, 161 A. 2d 128 (1960); *Isen v. Phoenix Assurance Co.,* 259 Md. 564, 270 A. 2d 476 (1970); *In re Arnold,* 12 Md. App. 384, 278 A. 2d 658 (1971).

twenty peremptory strikes was clearly reversible error and cannot be deemed harmless.

Appellant raised two additional questions, one in his brief as to the sufficiency of the evidence, and a third in oral argument pertaining to the refusal of the trial court to allow cross examination of a police officer relative to a statement allegedly made by another defendant who was dehors the State at the time this matter was called to trial.

In view of our holding herein, we do not reach the appellant's second and third contentions.

*Judgment reversed.*
*Case remanded for a new trial.*