### HENRY LEON HERD *v.* STATE OF MARYLAND

[No. 614, September Term, 1974.]

*Decided March 17, 1975.*

The cause was submitted on briefs to ORTH, C. J., and MOYLAN and GILBERT, JJ.

Submitted by *John W. Sause, Jr., District Public Defender*, for appellant.

Submitted by *Francis B. Burch, Attorney General, Gilbert Rosenthal, Assistant Attorney General* and *Donaldson C. Cole, Jr., State's Attorney for Cecil County*, for appellee.

ORTH, C. J., delivered the opinion of the Court.

### STATEMENT OF THE CASE

On 23 April 1974 in the Circuit Court for Cecil County HENRY LEON HERD was found guilty by a jury of committing various crimes on 16 September 1973 as charged in seven counts of a fourteen count indictment.[1] The crimes of which he was convicted and the sentences imposed on 29 May were as follows:

1st count: daytime breaking of the dwelling of John Charles Green with intent to steal — 10 years;

2nd count: petit larceny of goods of Green — 18 months concurrent with sentence under 1st count and make restitution in amount of $75;

6th count: daytime breaking of the dwelling of Archie K. and Anna L. Poweil with intent to steal — 10 years concurrent with sentence under 1st count;

7th count: grand larceny of goods of the Powells — 10 years concurrent with sentence

[1]. The date of 14 September 1973 in the indictment was amended in open court to read "on or about" 16 September 1973.

under 1st count, and "that he be directed, at the end of any sentence and parole period to continue under indefinite probation with the Department of Parole and Probation until restitution is made in the sum of $39 plus whatever damage was done to the T.V. set";

12th count: petit larceny of goods of Michael Satterfield — 18 months concurrent with sentence under 1st count and restitution "for whatever damage was done to the guitars";

13th count: petit larceny of goods of Robert Powell — 18 months concurrent with the sentence under 1st count and restitution "for whatever damage was done to the guitar in that case";

14th count: petit larceny of goods of Teddy Kline — 18 months concurrent with sentence under 1st count and restitution "for whatever damage was done to the guitar in that case".[2]

Herd appealed.

---

2. Motion for judgment of acquittal as to the 11th count (grand larceny of goods of Michael Satterfield) was granted at the close of evidence offered by the State. Motions for judgment of acquittal as to the other counts were denied both at the close of evidence offered by the State and at the close of all the evidence.

It appears from the transcript of the trial that the court gave counsel and the jury "a copy of possible verdicts" but that document is not included in the record before us. The Clerk inquired of the jury with respect to their verdicts only as to counts 1, 2, 6, 7, 12, 13 and 14, and the verdict as to each was guilty. The Clerk also harkened a verdict of guilty as to the 9th count, but no such verdict was rendered by the jury. The docket entries state that the 3rd count (receiving stolen goods of Green of a value of less than $100) merged with the second count; that the 4th count (burlary of the Green dwelling) and the 5th count (burglary of the Powell dwelling) were nolle prossed; and that each of the 8th count (receiving stolen goods of the Powells of a value of $100 and upwards), the 9th count (petit larceny of goods of the Powells), and the 10th count (receiving stolen goods of the Powells of a value of less than $100) merged with the 7th count.

## ISSUES FOR DECISION

I. Was Herd improperly denied the right to alternate challenges of jurors?

II. Was the evidence sufficient to sustain the verdicts under the 1st and 6th counts?

III. Did the court err "in refusing to advise a witness that he could not be compelled to give self-incriminating testimony?"

IV. May his probation continue beyond the sentence actually imposed?

### I

When the indictment came on for trial and before the jury were sworn on their voir dire, the State moved for the entry of a *nolle prosequi* as to the 4th and 5th counts. The motion was granted. Maryland Rule 711. The jury were examined on the voir dire. Defense counsel said: "There seems to be some question about the number of strikes. I was under the impression that larceny is a common law felony which means he can go to the penitentiary, so wouldn't that entitle me to 20 strikes?" The court replied: "That is why we took the nightime burglary out. You have 4 strikes." [3]

Proceedings were had to select the jury. The transcript shows what happened:

"THE COURT: You can make your strikes, Gentlemen, please.

MR. COLE [State's Attorney]: Your Honor, it will have to be reduced to 20.

THE CLERK: Take the first 20 names and take 4 strikes out of those, please.

---

3. Rule 746 implements Courts Art. § 8-301. Section a 1 of the Rule provides that each defendant shall be permitted 20 peremptory challenges in a trial in which he is subject to a sentence of death, life imprisonment or 20 years or more of imprisonment. By subsection 2 of § a, in all other cases each party shall be permitted 4 peremptory challenges, several defendants ordinarily being considered a single party. A person convicted of burglary may be imprisoned for not more than 20 years. Code, Art. 27, § 29. See Code, Art. 27, § 30 (a).

THE COURT: Why do you want them called separately to the box?

MR. RUBENSTEIN [Defense Attorney]: Your Honor, if the State and Defense strike the same individual, in essence what I am doing is losing a strike by that method.

THE COURT: Well, you are to sit there and strike off the names, now. If you want 12 jurors called to the box so you can look at them, we will do so.

MR. RUBENSTEIN: That would be my reason.

THE COURT: Well, call 12 jurors to the box, Mr. Clerk.

(Twelve prospective jurors were called to the jury box at this time.)

THE COURT: Mr. Rubenstein, if I understand it, the State is not obliged to tell you who they might strike. You understand that?

MR. COLE: Your Honor, if he wants to look at 12 jurors I think that we could put the rest of them up here.

THE COURT: Do you want these chairs filled up?

MR. RUBENSTEIN: No.

MR. COLE: That would be the best spot, over there.

THE COURT: Whatever Mr. Rubenstein wants.

MR. RUBENSTEIN: No. I'll take my strikes in this fashion. I am prepared to strike.

THE COURT: Strike 4 names off that list.

MR. RUBENSTEIN: Yes, sir.

(The Jury was impaneled and sworn at this time.)"

The judge was wrong. Rule 746 b, provides: "At the request of a defendant peremptory challenges shall be made alternately, beginning with the State." Herd was entitled to have the jury selected pursuant to the Rule.[4] Contrary to the

---

4. Courts Art. § 8-301 (c) requires the clerk of the court to "provide a sufficient number of prospective jurors to allow the parties to exercise the peremptory challenges permitted by this section or Rule 746."

belief of the trial judge, the State was "obliged to tell who they might strike", as they would be the first to strike under alternate challenges. And Herd was correct in his view that under the procedure insisted on by the court, he might well lose a challenge by both parties striking the same juror. The State now suggests that "a review of the record does not necessarily show that [Herd] requested that the challenges be made alternately." It recognizes, however, that Defense counsel "appeared to be concerned about the possibility of both the State and [Herd] striking the same juror," but in its view "there does not appear to have been any specific request that the peremptory challenges be made alternately." It concludes that the point is not properly before us for review under Rule 1085. We do not see it that way. Rule 522 b, makes clear that "[f]or purposes of reconsideration by the trial court or review on appeal, it is sufficient that a party at the time of ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court, and unless requested by the court it shall not be necessary to state the grounds therefor." In the light of Rule 746 b, we think that Herd adequately made known to the court that he desired to have the peremptory challenges made alternately. When defense counsel indicated that he would "take my strikes in this fashion" it was in the frame of reference of whether he was to "look at 12 jurors" or to have "the chairs filled up" with the rest of the jurors. We find no effective waiver of Rule 746 b, in the circumstances. See *Pearson v. State*, 15 Md. App. 462, 468. *Cf. Bremer v. State*, 18 Md. App. 291.

Having found that Herd sufficiently requested that peremptory challenges be made alternately as required by the Rule, and did not waive its operation, the question is the effect of the denial of the procedures provided by the Rule. It is our opinion that the Rule is mandatory. Upon request of a defendant, peremptory challenges *shall be* made alternately, beginning with the State. No discretion thereon is in the trial court. *See Bremer v. State, supra.* "[T]he right to exercise the peremptory strike is unfettered. . . ." *Brice v.*

*State,* 264 Md. 352, 366. It represents an important right "vital to the conduct of a criminal cause in this State." *Johnson v. State,* 9 Md. App. 143, 149, as quoted in *Cook v. State,* 18 Md. App. 395, 400. See *Green v. State,* 19 Md. App. 683. In *Pearson v. State, supra,* at 465, we noted that the Court of Appeals in *Turpin v. State,* 55 Md. 462, quoted *Proffat on Jury Trials,* § 155 with approval: "The right of peremptory challenge is deemed a most essential one to a prisoner, and is highly esteemed and protected in the law." In *Pearson* we held that the failure of the trial court to allow the peremptory challenges to which the accused was entitled was clearly reversible error and could not be deemed harmless error. In *Spencer v. State,* 20 Md. App. 201, we held on due process grounds that interference with the orderly procedure of the peremptory challenge of jurors alternately required reversal of the judgments without a showing of prejudice, quoting at 208-209, *Swain v. Alabama,* 380 U.S. 202, 218-219. Although the case before us is in a different factual posture than *Spencer,* the effect of the trial court's ruling is the same in each case.

Once again we are obliged to point out that the Maryland Rules of Practice and Procedure are precise rubrics "established to promote the orderly and efficient administration of justice and [that they] are to be read and followed." *Brown v. Fraley,* 222 Md. 480, 483. See *Isen v. Phoenix Assurance Co.,* 259 Md. 564, 570; *In re Arnold,* 12 Md. App. 384. We hold that the arbitrary action of the court impaired the right of Herd to the use of his peremptory challenges. It requires that the judgments be reversed and a new trial granted.

## II — III — IV

Because of our holding we need not decide the other issues raised.

As to the second issue, however, see *St. Clair v. State,* 1 Md. App. 605, 621-622, and *Reagan v. State,* 4 Md. App. 590, 595. We note that the State suggests that when the State's witness Wayne John Cothin said, "It was dark", he was not

referring to the time the dwelling was broken but describing the stolen stereo set.

With respect to the third issue, the privilege against self-incrimination is one personal to the witness which only he may assert. *Royal v. State,* 236 Md. 443; *Boone v. State,* 3 Md. App. 11. *See McDonald v. State,* 10 Md. App. 258.

As to the fourth issue, concerning the placing of Herd on "on indefinite probation", we call the trial court's attention to that part of Code, Art. 27, § 641A which provides: "The court may impose a sentence for a specified period and provide that a lesser period be served in confinement, suspend the remainder of the sentence and grant probation for a period longer than the sentence but not in excess of five years." And *see Watson v. State,* 17 Md. App. 263.

> *Judgments reversed; case remanded for a new trial.*