857 A.2d 625

**Shawn M. WHITNEY**

v.

**STATE of Maryland.**

**No. 158, Sept. Term, 2003.**

Court of Special Appeals of Maryland.

Sept. 9, 2004.

Allen E. Burns (Stephen E. Harris, Public Defender, on the brief), Baltimore, for Appellant.

Steven L. Holcomb (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for Appellee.

Panel; SALMON, BARBERA and SHARER, JJ.

SHARER, Judge.

In this direct appeal we must determine whether reversal of appellant's convictions is required because his right to the full complement of peremptory strikes was impaired as a result of the ineffective assistance of his trial counsel.

Appellant, Shawn M. Whitney, was convicted of conspiracy to distribute cocaine and possession of cocaine, by a jury in the Circuit Court for Baltimore City.[1] In his timely appeal, Whitney raises for our review two issues which, as reordered and recast, are:

1. Whether the trial court erred in denying appellant's motion for a new trial based upon trial counsel's ineffective assistance in the jury selection process;

2. Whether his convictions are precluded as a matter of law by the trial court's entry of a judgment of acquittal on the related charge of attempted distribution of cocaine.

We shall hold that the impairment of a defendant's peremptory challenges is not a structural defect or error such as will

---

[1]. His convictions drew a sentence of 15 years on the conspiracy count, with all but ten years suspended. The conviction for possession was merged.

relieve a defendant of the burden of establishing prejudice under these circumstances. Therefore, we conclude that the trial court did not abuse its discretion in denying appellant's motion for a new trial. We hold that his challenges to the convictions are otherwise not preserved, and shall affirm the judgments of the circuit court.

## BACKGROUND

Because our decision does not implicate the evidence adduced at trial, we need not recite the facts, other than to provide context for the discussion of the issues presented. *Craig v. State*, 148 Md.App. 670, 674 n. 1, 814 A.2d 41 (2002), *cert. denied*, 374 Md. 83, 821 A.2d 370 (2003). *See Vaccaro v. Caple*, 33 Md.App. 413, 414, 365 A.2d 47 (1976).

On November 17, 2002, police officers witnessed appellant engaging in what they determined was a narcotics sale. Appellant was seen to accept currency from persons who then would take objects from a companion, one Anthony Johnson. When police moved in on the scene, Johnson tried to flee, dropping a bag that contained cocaine. Appellant was apprehended, and found to possess $249 in currency. He was charged with attempted distribution of cocaine, conspiracy to distribute cocaine, and possession of cocaine.

Whitney went to trial before a jury in the Circuit Court for Baltimore City. On January 23, 2003, the jury selection process was conducted. After excusing a number of prospective veniremen for cause, the trial judge said to counsel "[y]ou each get four strikes and I'm not going to have an alternate." The defense exercised its four challenges, and the panel was selected and seated. After the close of the State's case, the trial court entered a judgment of acquittal on the attempted distribution count. The jury convicted Whitney on the remaining charges.

On January 28, Whitney, by his trial counsel, moved for a new trial. She averred:

> That pursuant to Rule 4–313(a)(3) and due to Counsel's naivete (counsel's 2nd jury trial), Movant was entitled to 10

peremptory strikes not 4 and as a result Movant was denied the privilege to reject jurors. The number of peremptory challenges are mandatory and not discretionary.

At the scheduled sentencing hearing on February 20, 2003, defense counsel reminded the court of the pending new trial motion. Counsel reiterated her ignorance at the time of trial of Whitney's right to ten peremptory strikes. After some discussion, the trial judge requested that counsel research the issue, and continued the motion hearing and sentencing until February 28.

At the reconvened hearing on that date, the trial court summarized the issue:

[C]ounsel for the defendant stood and said that, at the time of trial, she wasn't aware that he was entitled to ten jury strikes and she thought he was entitled to four jury strikes, and, of course, there was no complaint at that time. She did take four strikes. I personally asked whether or not both sides were satisfied with the jury at the end of all the strikes. Nobody asked for any others. Nobody made any challenges.

And, in addition to that, at the time, at the bench, when we were voir diring the jury, at the end of that time I asked if there was any other challenges for cause. Everybody was satisfied with the panel before the strikes were taken and the strikes were taken on an individual call basis in accordance with the rules . . . .

At the end of the selection of the panel that was in the box, both lawyers found the panel acceptable. The State did not take any strikes. So we have lots of jurors extra. I mean, there were more than enough jurors to take strikes.

At the hearing, another attorney from the Office of the Public Defender stood in for trial counsel, and unsuccessfully pressed the argument for a new trial. The court explained his denial:

Again, in the instant case, the Court asked the defendant prior to the jury being sworn whether he . . . was satisfied with the jury and counsel for the defendant stated on the

record that the jury is acceptable to the defendant. At no time did counsel for the defendant state that there is a problem with the jury.

Further, the defendant has failed, to show any prejudice that he has suffered due to the makeup of the jury. On the contrary, the facts of the case point out that the jury was a well-balanced jury . . .

\* \* \*

The mere allegation of error without any substance of prejudice is not sufficient to warrant a new trial. Wherefore, the defendant's motion for a new trial should and is hereby denied.

This appeal followed.

## DISCUSSION

*1. Whether the trial court erred in denying appellant's motion for a new trial based upon trial counsel's ineffective assistance in the jury selection process.*

### Procedural Posture

█ Appellant's appeal on this issue is grounded on trial counsel's concession of her neglect in failing to apprehend that the defense was entitled to ten peremptory strikes. The State answers that the argument is waived. The State's alternative position is that the issue is an assertion of ineffective assistance of counsel, and therefore is a more proper subject for a post conviction proceeding, and thus is not properly cognizable on direct appeal.

We disagree with the State that the issue is not properly before us. On this record, we conclude that appellant may seek relief on the basis of the ineffective assistance of trial counsel by way of this direct appeal from the denial of his motion for a new trial. We explain.

### Appropriate Forum

Counsel did not object at *voir dire* for the obvious reason that she was unaware that appellant was entitled to ten

peremptory strikes. She did file a timely motion for a new trial, an appropriate vehicle for challenging the impairment in the number of Whitney's peremptory strikes that may have resulted from her ineffectiveness. *See Ruth v. State,* 133 Md.App. 358, 365–66, 757 A.2d 152, *cert. denied,* 361 Md. 435, 761 A.2d 933 (2000). The denial of this motion may be reviewed on direct appeal. *Merritt v. State,* 367 Md. 17, 28–31, 785 A.2d 756 (2001). *See Jenkins v. State,* 375 Md. 284, 295–96, 825 A.2d 1008 (2003).

The more salient question is whether the facts and circumstances warrant our review on direct appeal, rather than through the procedures afforded under the Maryland Uniform Postconviction Act. Maryland Code (2001), Title 7 of the Criminal Procedure Article (the "Act"). Appellant cites the "admitted ignorance" of trial counsel to justify his argument for a new trial, and further asserts that because the record is fully developed on the issue, we may consider the issue on his direct appeal.

We commend trial counsel's candor in her admission that she was unaware that Whitney was entitled to ten peremptory challenges; and she may take consolation from the trial court's erroneous advice to counsel that "[y]ou each get four strikes[.]" Nevertheless, she was obligated to correct the trial judge's misstatement. *See Bundy v. State,* 334 Md. 131, 139–40, 638 A.2d 84 (1994) (incumbent upon litigant to object) (quoting *Covington v. State,* 282 Md. 540, 543, 386 A.2d 336 (1978)). *Cf.* William T. Pizzi and Morris B. Hoffman, *Jury Selection Errors on Appeal,* 38 AM. CRIM. L. REV. 1391, 1405 (2001) (competent representation demands that counsel correct trial judge's errors). We must therefore examine whether this Court is the proper forum for the remedy appellant seeks.

Addressing again the procedural posture of this case, we note that the State urges that a complaint about the performance of trial counsel must be considered in the post conviction forum. In *Mosley v. State,* 378 Md. 548, 836 A.2d 678 (2003), the Court of Appeals indeed ruled that the defen-

dant's claim of ineffective assistance was more appropriately addressed in a post conviction relief proceeding. The Court emphasized that process afforded by the Act "is the most appropriate way to raise the claim of ineffective assistance of counsel." *Id.* at 558–59, 836 A.2d 678. The Act provides for a full evidentiary hearing to ventilate the sometimes thorny fact-bound issues of trial strategy or tactics, and resulting prejudice. As the *Mosley* Court reminds us:

> [T]he adversarial process found in a post-conviction proceeding generally is the preferable method in order to evaluate counsel's performance, as it reveals facts, evidence, and testimony that may be unavailable to an appellate court using only the original trial record.

*Mosley, supra,* 378 Md. at 562, 836 A.2d 678.

Notwithstanding the general proposition that such claims are best deferred for post conviction, the rule is not absolute, and we are not persuaded by the State that deferral is appropriate in this instance. Indeed, the prudential concern for affording that full inquiry into the conduct of trial counsel is not implicated in the "exceptional case", where the shortcomings of the defense attorney, and any prejudice, would be obvious from the state of the trial record. Trial counsel's refreshing candor has simplified our inquiry. Because "the critical facts [with regard to counsel's performance] are not in dispute and the record is sufficiently developed to permit a fair evaluation of [the] claim, there is no need for a collateral fact-finding proceeding[.]" *In re Parris W.,* 363 Md. 717, 726, 770 A.2d 202 (2001).

### Standard of Review

■ In reviewing a circuit court's denial of a motion for a new trial, an appellate court's review may vary, depending on the nature of the trial court's actions and the circumstances before it. In *Jenkins, supra,* Judge Cathell surveyed cases from our Court of Appeals to conclude that the denial of a new trial motion would be reviewed for an abuse of discretion. 375 Md. at 295–99, 825 A.2d 1008. He noted, however, instances

where some dispositions of a new trial motion require the inquiry into existence of error. *Id.* at 297, 825 A.2d 1008 (quoting *Merritt,* 367 Md. at 30–31, 785 A.2d 756).

■ We are asked, however, to review the trial judge's disposition of a new trial motion sought on the basis of ineffective assistance of trial counsel. In *State v. Jones,* 138 Md.App. 178, 209, 771 A.2d 407 (2001), *aff'd,* 379 Md. 704, 843 A.2d 778 (2004), Judge Hollander articulated the appropriate standard of review in such matters:

> The standard of review of the lower court's determinations regarding issues of effective assistance of counsel "is a mixed question of law and fact...." ... We "will not disturb the factual findings of the post-conviction court unless they are clearly erroneous." ... [T]he appellate court must exercise its own independent judgment as to the reasonableness of counsel's conduct and the prejudice, if any.... "Within the *Strickland* framework, we will evaluate anew the findings of the lower court as to the reasonableness of counsel's conduct and the prejudice suffered.... As a question of whether a constitutional right has been violated, we make our own independent analysis by reviewing the law and applying it to the facts of the case."

*Jones, supra,* 138 Md.App. at 209, 771 A.2d 407 (citations omitted).

### The Merits

■ Both the Sixth Amendment to the United States Constitution, made applicable to the States by the due process clause of the Fourteenth Amendment, and Article 21 of the Maryland Declaration of Rights, guarantee criminal defendants the right to the assistance of counsel at critical stages in the proceedings against them. *Strickland v. Washington,* 466 U.S. 668, 684–85, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Richardson v. State,* 381 Md. 348, 849 A.2d 487 (2004). The right to counsel entails the right to effective assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

■■ To challenge an abridgement of that right on the basis of ineffective assistance, Whitney must establish two components:

"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of fair trial, a trial whose result is reliable."

*Williams v. Taylor,* 529 U.S. 362, 390, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (quoting *Strickland, supra,* 466 U.S. at 687, 104 S.Ct. 2052). *See Parris W., supra,* 363 Md. at 725, 770 A.2d 202 (citations omitted). A defendant must, in other words, demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland, supra,* 466 U.S. at 694, 104 S.Ct. 2052. Further, "absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.,* 466 U.S. at 695, 104 S.Ct. 2052.

### *Performance Component*

■ We need not dwell on the performance component of the inquiry into the effectiveness of trial counsel. Setting aside the trial court's explicit, albeit erroneous, allowance of just four peremptory strikes, the conceded negligence of Whitney's trial counsel, not being aware of the full complement of peremptory strikes to which he was entitled, fell demonstrably below an objective standard of reasonableness. Counsel acknowledged as much. In any event, reviewing counsel's omission independently, we concur with her self-appraisal. *See generally Green v. United States,* 972 F.Supp. 917, 920 (E.D.Pa.1997) (first prong of *Strickland* met where deficiencies in counsel's performance so severe as not to be product of strategic judgment) (citations omitted).

### Prejudice Component

■■■ The inquiry into the alleged prejudicial effect of counsel's neglect, however, requires additional discussion. "Peremptory challenges are those which are made to the juror, without assigning any reason, which the courts are bound to respect." *Pearson v. State,* 15 Md.App. 462, 465, 291 A.2d 167 (1972) (quoting *Turpin v. State,* 55 Md. 462, 464 (1881)). According to the Court of Appeals:

> In insuring that ... an impartial jury is chosen, a reasonable peremptory challenge right plays a vital role because it permits a party to eliminate a prospective juror with personal traits or predilections that, although not challengeable for cause, will, in the opinion of the litigant, decide the case on the basis other than the evidence presented.

*King v. State Roads Comm'n,* 284 Md. 368, 370, 396 A.2d 267 (1979).

■■ Such challenges are afforded by state law, and are not required by the Constitution.[2] *Ross v. Oklahoma,* 487 U.S. 81, 89, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988). Nor are they guaranteed by our Declaration of Rights. *King, supra,* 284 Md. at 370, 396 A.2d 267. The "right to challenge peremptorily prospective jurors[ ] ... has been conferred upon an accused and the State by the common law, case law, statute and rule of court."[3] *Pearson, supra,* 15 Md.App. at 463, 291 A.2d

---

2. In *Ross v. Oklahoma,* 487 U.S. 81, 88, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988), the Court rejected the "notion that the loss of a peremptory challenge constitutes a violation of the constitutional right to an impartial jury." Nevertheless, they are a means to achieve that end. *See United States v. Martinez–Salazar,* 528 U.S. 304, 307, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000).

3. Section 8–301(c) of the Courts Article provides:

(c) *Cases involving sentences of 20 years or more.*—Except as provided in subsections (a) and (b) of this section, in a criminal trial in which the defendant is subject, on any single count, to a sentence of 20 years or more, except for common law offenses for which no specific penalty is provided by statute, each defendant is permitted 10 peremptory challenges and the State is permitted 5 peremptory challenges for each defendant. *See* Md. Rule 4–313(a)(3). Whitney

167. The peremptory challenge is "part of our common-law heritage." *United States v. Martinez–Salazar,* 528 U.S. 304, 311, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000). *See Booze v. State,* 347 Md. 51, 58–64, 698 A.2d 1087 (1997); *Spencer v. State,* 20 Md.App. 201, 203, 314 A.2d 727 (1974).

 "The denial or impairment of the right [to exercise peremptory strikes] is reversible error without a showing of prejudice." *Spencer, supra,* 20 Md.App. at 209, 314 A.2d 727 (quoting *Swain v. Alabama,* 380 U.S. 202, 219, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), *overruled on other grounds by Batson v. Kentucky,* 476 U.S. 79, 89, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)). *See also Booze v. State,* 111 Md.App. 208, 232, 681 A.2d 534 (1996), *rev'd on other grounds,* 347 Md. 51, 698 A.2d 1087 (1997). In *King, supra,* Judge Digges observed:

> [T]he importance of the peremptory challenge requires that any significant deviation from the prescribed procedure that impairs or denies the privilege's full exercise is error that, unless waived, ordinarily will require reversal without the necessity of showing prejudice.

284 Md. at 371, 396 A.2d 267 (citing *Swain, supra,* 380 U.S. at 219, 85 S.Ct. 824). *See generally, State v. McLean,* 2002 ME 171, 815 A.2d 799 (Me.2002) (collecting cases).

Although the Supreme Court in *Martinez–Salazar* has clarified as dictum the statement from *Swain* that the impairment of a federal defendant's peremptory challenges dictates reversal *per se,* we discern no effort by the courts of this State to retreat from the "reversibility *per se*" rule for the judicial impairment of a party's allotment of peremptory strikes.[4] *But see Morris v. State,* 153 Md.App. 480, 541–42, 837 A.2d 248

---

faced a sentence of 20 years on the attempted distribution count. *See* Md.Code Ann., Crim. Law § 5–608 (2000).
Md.Code Ann., Cts. & Jud. Proc. § 8–301(c) (1974 and 2002 Rep. Vol.).

4. In *Martinez–Salazar,* Justice Ginsberg wrote

that the oft-quoted language in *Swain* was not only unnecessary to the decision in that case—because *Swain* did not address any claim that a defendant had been denied a peremptory challenge—but was founded on a series of our early cases decided long before the adoption of harmless-error review."

(2003) (Adkins, J., concurring), *cert. denied,* 380 Md. 618, 846 A.2d 402 (2004), wherein Judge Adkins recounted the Supreme Court's retreat from the dictum in *Swain* in *Martinez–Salazar*.[5] In sum, however, we proceed on the view that "[t]he denial or impairment of the right is reversible error without a showing of prejudice."[6] *Vaccaro, supra,* 33 Md. App. at 416, 365 A.2d 47.

We are confident that, had the trial court, *over counsel's objection,* abridged Whitney's right to the full number of peremptory challenges, we would likely reverse and grant a new trial. *See, e.g., Herd v. State,* 25 Md.App. 284, 288–89, 333 A.2d 659, *cert. denied,* 275 Md. 750 (1975). Although the trial court may have misled the parties with respect to the appropriate number of peremptory strikes, it was the oversight by trial counsel that directs our inquiry at this juncture into the loss of peremptory challenges. We deal not with the court's error, but with counsel's.

---

528 U.S. at 317 n. 4, 120 S.Ct. 774.

**5.** Indeed, in *State v. Lindell,* 2001 WI 108, 245 Wis.2d 689, 629 N.W.2d 223 (2001), the Wisconsin Supreme Court overruled its automatic reversal rule in direct appeal cases where the impairment or denial of peremptories *had been challenged* at the trial court. 2001 WI 108 at ¶ 120, 629 N.W.2d at 252. That court observed that, at the time of its decision, one other court had pulled back from its rule of automatic reversal in the wake of *Martinez–Salazar. Lindell,* 2001 WI 108 at ¶ 93, 629 N.W.2d at 245–46 (citing *State v. Entzi,* 615 N.W.2d 145, 149 (N.D.2000)). In *State v. Hickman,* 205 Ariz. 192, 195, 68 P.3d 418, 421 (2003), the Arizona Supreme Court observed that since *Martinez–Salazar,* some state courts "have adopted the rule that, absent a showing of prejudice, a defendant's use of a peremptory challenge to cure a trial court's erroneous denial of a challenge for cause does not violate any right based on the state constitution, rule or statute." (citing cases). *See United States v. Patterson,* 215 F.3d 776, 781 (7th Cir.) ("*Martinez–Salazar* . . . pulls the plug on the *Swain* dictum[.]"), *vacated in part on other grounds,* 531 U.S. 1033, 121 S.Ct. 621, 148 L.Ed.2d 531 (2000).

**6.** We note that the impairment of a party's right to peremptory challenges may take different forms. The usual case is where the trial court has erroneously refused to strike a juror for cause, resulting in the forced used of a peremptory. In this instance, trial counsel was unaware of the available number of strikes.

The Wisconsin Supreme Court's decision in *State v. Erickson*, 227 Wis.2d 758, 596 N.W.2d 749 (1999), *cert. denied*, 528 U.S. 1140, 120 S.Ct. 987, 145 L.Ed.2d 936 (2000), presents a situation that is analogous to that *sub judice*. In a post conviction case, the defendant in *Erickson* had been awarded a new trial by the circuit court because his trial attorney was unaware of the number of peremptory challenges to which his client was entitled. No objection was lodged before the trial court. In reversing a trial court's grant of a new trial as a matter of law, the Wisconsin Supreme Court eschewed an automatic reversal standard that it had applied in cases where there was a timely objection to the impairment of a defendant's peremptory strikes, in favor of the "ineffective assistance of counsel standard of *Strickland*[.]" *Id.* at 765, 596 N.W.2d at 754.

By applying *Strickland*, the Wisconsin court held that the defendant was required to affirmatively establish the second, or prejudice, prong of that analysis. That court recognized the difficult burden placed on a defendant in pursuing relief under *Strickland*, as well as the equally onerous task that faced the courts in evaluating such a challenge:

> In the end, we can do no better than speculate on what would have been the result of his trial had the circuit court not erred, which is also the best that Erickson can offer. That is not enough, for *Strickland* ... require[s] that Erickson offer more than rank speculation to satisfy the prejudice prong. Because he failed to do so, he has suffered no prejudice from his trial attorney's error and we deny his ineffective assistance of counsel claim.

*Erickson, supra,* 227 Wis.2d at 774, 596 N.W.2d at 758. Nonetheless, the court, after surveying relevant authority, adopted the approach in post conviction cases involving waived peremptory strike error that the aggrieved defendant must satisfy the *Strickland* prejudice component.

We believe the approach taken by the *Erickson* court to be sound, and hold that Whitney was bound to establish prejudice

to fulfill the second component of *Strickland*. We are mindful of the difficulties that attend a challenge of this nature.[7] Nevertheless, we are unable to conclude, given the present posture of this case, that counsel's error in failing to object to the allotment of but four peremptory strikes, without more, constitutes prejudice as a matter of law.

---

7. Justice Clifford's observation in support of the *per se* reversible rule for the Maine Supreme Judicial Court in *State v. McLean*, 2002 ME 171, 815 A.2d 799, merits extensive quotation:

[¶ 14] The federal rule is consistent with that of a clear majority of state courts as well. A majority held that the impairment of the right to a peremptory challenge under state law constitutes reversible error per se.

* * *

[¶ 15] The per se rule for the impairment of the peremptory challenge has had a long history and tradition under the common law . . . and such an error undermines "the basic structural integrity of the criminal tribunal itself . . . and is not amenable to harmless-error review," *State v. Reiners*, 644 N.W.2d 118, 127 (Minn.Ct.App.2002) (internal quotations omitted). *See also* ROGER J. TRAYNOR, THE RIDDLE OF THE HARMLESS ERROR 64–66 (1970) (a defendant challenging the denial of the right to peremptory challenges could not possibly show prejudice, and the appellant "should not be called upon to do the impossible at the appellate stage"). The Court of Appeals of Washington rejected the harmless error review standard of review and explained as follows:

How can an appellate court determine the degree of harm resulting from the participation of any particular juror in the jury's deliberations? There is no record of jury deliberations. Whether you place the burden upon the State (the peremptory challenge error did not affect the jury verdict) or upon the defendant (the defendant was prejudiced by the presence of a particular juror on the jury), the bearer of the burden of persuasion would likely fail.

[*State v.*] *Vreen*, [99 Wash.App. 662] 994 P.2d [905] at 910. The Supreme Court of Vermont has held that a party is not required to show actual prejudice because:

If [this Court] were to accept the actual prejudice rule, the trial court's errors would become unreviewable because the focus of the appellate inquiry would not be on the court's error, but on the qualifications of the juror subject to the lost peremptory challenge. The whole purpose of peremptory challenges is to allow each party an opportunity to dismiss a fixed number of jurors without cause or explanation. The faulty denial of that opportunity creates prejudice that should need no elucidation.

*Westcom v. Meunier*, 164 Vt. 536, 674 A.2d 1267, 1269 (1996) (internal quotations omitted).

██ We recognize that "[i]n certain Sixth Amendment contexts, prejudice is presumed." *Strickland, supra*, 466 U.S. at 692, 104 S.Ct. 2052. *See United States v. Cronic*, 466 U.S. 648, 656–58, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Moreover, some courts have ruled that the impairment of the use of peremptory strikes constitutes a "structural error[,]" *see, e.g., United States v. McFerron*, 163 F.3d 952, 955 (6th Cir.1998); *State v. LaMere*, 2000 MT 45, ¶ 50, 298 Mont. 358, 2 P.3d 204, 217; and have applied structural error in the *Strickland* assessment of prejudice.[8] *But see Thomas v. United States*, 824 A.2d 26, 31 n. 9 (D.C.2003); *Sams v. United States*, 721 A.2d 945, 950 (D.C.1998), *cert. denied*, 528 U.S. 1135, 120 S.Ct. 977, 145 L.Ed.2d 928 (2000), *cert. denied, sub nom, Reid v. United States*, 531 U.S. 1015, 121 S.Ct. 575, 148 L.Ed.2d 492 (2000); *Lyons v. United States*, 683 A.2d 1066, 1071 (D.C.1996) (en banc).

---

*Mclean, supra*, 2002 ME at ¶¶ 13–15, 815 A.2d at 804–05(footnote omitted).

8. In *McGurk v. Stenberg*, 163 F.3d 470 (8th Cir.1998), for example, trial counsel failed to discover that his client was entitled to a jury trial. The Eighth Circuit held that the denial of a jury trial altogether is a structural error that, even under *Strickland*, would dictate a reversal. But as Judge Raker pointed out for the Court of Appeals in *Redman v. State*, 363 Md. 298, 303–04 n. 5, 768 A.2d 656, *cert. denied*, 534 U.S. 860, 122 S.Ct. 140, 151 L.Ed.2d 92 (2001):

In *Arizona v. Fulminante*, 499 U.S. 279, 307–09, 111 S.Ct. 1246, 1264–65, 113 L.Ed.2d 302 (1991), the Supreme Court distinguished between mere "trial error" susceptible to harmless error assessment, and errors that amounted to "structural defects" in the trial itself. . . . A structural error is an error that affects "the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Id.* at 310, 499 U.S. 279, 111 S.Ct. at 1265, 113 L.Ed.2d 302. Such errors affect the entire trial process itself, affecting the conduct of the trial from beginning to end, *see id.* at 309, 499 U.S. 279, 111 S.Ct. at 1265, 113 L.Ed.2d 302, and "necessarily render a trial fundamentally unfair." *Rose v. Clark*, 478 U.S. 570, 577, 106 S.Ct. 3101, 3106, 92 L.Ed.2d 460 (1986). It is because structural error is impossible to quantify that it defies analysis by the harmless error standard. The Supreme Court concluded that, when structural error is present, the "criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence," thereby mandating reversal of the conviction. *Fulminante*, 499 U.S. at 307–08, 111 S.Ct. at 1265, 113 L.Ed.2d 302.

■ The Supreme Court has recently spoken of the concept, and effect, of structural errors in *U.S. v. Dominguez Benitez*, 542 U.S. ——, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004), noting:

> It is only for certain structural errors undermining the fairness of a criminal proceeding as a whole that even unpreserved error requires reversal without regard to the mistake's effect on the proceeding. *See Arizona v. Fulminante*, 499 U.S. 279, 309–310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) (giving examples).

\* \* \*

■ Otherwise, relief for error is tied in some way to prejudicial effect, and the standard phrases as "error that affects substantial rights," . . . has previously been taken to mean error with prejudicial effect on the outcome of a judicial proceeding. *See Kotteakos v. United State*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). To affect "substantial rights," . . . an error must have "substantial and injurious effect or influence in determining the . . . verdict." *Kotteakos, supra,* at 776, 66 S.Ct. 1239. In cases where the burden demonstrating prejudice (or materiality) is on the defendant seeking relief, we have invoked a standard with similarities to the *Kotteakos* formulation in requiring the showing of "a reasonable probability that, but for [the error claimed], the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (opinion of Blackmun, J.) (adopting the prejudice standard of *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for claims under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (internal quotation marks omitted)); 473 U.S., at 685, 105 S.Ct. 3375 (White, J., concurring in part and concurring in judgment) (same).

In our view, however, the impairment or dilution of a litigant's peremptory strikes does not rise to the level of presumptive error or structural defect. Such errors or defects are limited in scope and application. As Judge Raker recently observed:

As in the *Cronic* presumed prejudice cases, *see United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), the Supreme Court has found an error to be structural and subject to automatic reversal in a very limited number of cases. *See Johnson v. United States,* 520 U.S. 461, 468, 117 S.Ct. 1544, 1549, 137 L.Ed.2d 718 (1997). Moreover, in those cases where the Supreme Court, and indeed other courts, have found structural error mandating automatic reversal, the errors appear to be of constitutional magnitude. *See Duest v. Singletary,* 997 F.2d 1336, 1338 n. 3 (11th Cir.1993), *cert. denied,* 510 U.S. 1133, 114 S.Ct. 1107, 127 L.Ed.2d 418 (1994) ("Structural defects ... involve deprivations of constitutional protections so basic that in their absence no criminal trial can be deemed reliable ..."); *Lyons v. United States,* 683 A.2d 1066, 1071 (D.C.1996) (*Fulminante's* discussion of "structural defects" applied only to certain constitutional errors that were too fundamental to be harmless). Such defects include a defective reasonable doubt instruction, *see Sullivan v. Louisiana,* 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993); racial discrimination in grand jury selection, *see Vasquez v. Hillery,* 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); denial of a public trial, *see Waller v. Georgia,* 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984); total deprivation of counsel, *see Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); and a judge who is not impartial, *see Tumey v. Ohio,* 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927).

*Redman v. State,* 363 Md. 298, 303–04 n. 5, 768 A.2d 656, *cert. denied,* 534 U.S. 860, 122 S.Ct. 140, 151 L.Ed.2d 92 (2001).

Given Judge Raker's citation with approval to *Lyons v. United States,* as well as her survey of those examples of structural error and presumed prejudice, we are convinced that the impairment or dilution of a peremptory strike does not constitute such extraordinary error so as to relieve Whitney of his burden of satisfying the *Strickland* prejudice component. Finally, we note that, in the passage set forth above from *King,* Judge Digges observed that a "significant devia-

tion ... that impairs or denies the privilege's full exercise is error that, *unless waived,* ordinarily will require reversal[.]" 284 Md. at 371, 396 A.2d 267 (emphasis added).

 Having concluded that Whitney is not entitled to reversal *per se* on structural defect grounds, we determine whether appellant has otherwise established entitlement to a new trial on this record.

Upon our independent review of the record, we are first unable to conclude that the trial court's findings of historical fact, in ruling on the motion for new trial, are clearly erroneous. Moreover, on this record, we perceive no prejudice resulting from counsel's mistake that was shown to have resulted in an impairment of Whitney's right to a fair and impartial jury. "Even with a jury [presumably and after the fact] not entirely in line with [Whitney's] preferences, the trial was not unreliable or fundamentally unfair." *Baze v. Parker,* 371 F.3d 310, 321 (6th Cir.2004) (citing *Lockhart v. Fretwell,* 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)).

We shall affirm the trial court's denial of Whitney's motion for a new trial.

**2. *Whether his convictions are precluded as a matter of law by the trial court's entry of a judgment of acquittal on the related charge of attempted distribution of cocaine.***

 Whitney maintains that his convictions are undermined by the trial court's acquittal on the charge of attempted distribution of cocaine. He argues that if the evidence were found insufficient as a matter of law on the attempted distribution count, then it follows that the charges of conspiracy and possession are likewise precluded. The State responds that this argument is not preserved for our review, because the argument was not made below. We agree that the issue has not been preserved for our review.

It is established by rule that, "[o]rdinarily, the appellate court will not decide any other [than jurisdiction] issue unless it plainly appears by the record to have been raised in or

decided by the trial court[.]" Maryland Rule 8–131(a). In *Clayman v. Prince George's County*, 266 Md. 409, 292 A.2d 689 (1972), Judge Barnes discussed Rule 885, the predecessor to Rule 8–131(a):

> As our prior decisions indicate, the principal purposes of this provision of Rule 885 were (a) to require counsel to bring the position of their client to the attention of the lower court at the trial so that the trial court can pass upon, and possibly correct any errors in the proceedings ... and (b) to prevent the trial of cases in a piecemeal fashion[.]

*Clayman, supra,* 266 Md. at 416, 292 A.2d 689. *See County Council of Prince George's County v. Offen,* 334 Md. 499, 508–510, 639 A.2d 1070 (1994) (extensive discussion of Rule). *In re Nahif A.,* 123 Md.App. 193, 201–02, 717 A.2d 393 (1998) (Smith, J., collecting cases). This issue is not before us.

For the reasons herein stated, we affirm.

**JUDGMENTS OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED;**

**COSTS TO BE PAID BY APPELLANT.**