REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1932

September Term, 2014

JIMMIE WALKER

v.

STATE OF MARYLAND

Wright,
Leahy,
Rodowsky, Lawrence F.
    (Retired, Specially Assigned),

JJ.

Opinion by Rodowsky, J.

Filed: August 31, 2015

The controlling issue in this case turns on the construction of Maryland Rule 4-313 (2015). In relevant part it reads:

"**Peremptory Challenges**.

"**(a) Number.** (1) Generally. Except as otherwise provided by this section, each party is permitted four peremptory challenges.

"(2) Cases involving death or life imprisonment. Each defendant who is subject on any single count to a sentence of death or life imprisonment, except when charged with a common law offense for which no specific penalty is provided by statute, is permitted 20 peremptory challenges and the State is permitted ten peremptory challenges for each defendant.

"(3) Cases involving imprisonment for 20 years or more, but less than life. Each defendant who is subject on any single count to a sentence of imprisonment for 20 years or more, but less than life, except when charged with a common law offense for which no specific penalty is provided by statute, is permitted ten peremptory challenges and the State is permitted five peremptory challenges for each defendant."

Maryland Code (1974, 2013 Repl. Vol.), § 8-420 of the Courts and Judicial Proceedings Article (CJ) is substantially the same.

Appellant, Jimmie Walker, was tried in the Circuit Court for Baltimore City on two counts charging that, on February 19, 2014, he possessed cocaine and attempted to distribute cocaine. Prior to trial he requested ten peremptory strikes. The court ruled that he was entitled only to four. There is no contention that this issue is not preserved for appellate review. Walker was convicted on both counts and sentenced to four years confinement. The sentence on the possession charge was merged into the attempt sentence.

Maryland Code (2002, 2012 Repl. Vol.), § 1-201 of the Criminal Law Article (CL) provides that "[t]he punishment of a person who is convicted of an attempt to commit a

crime may not exceed the maximum punishment for the crime attempted."  The punishment

for distribution of cocaine is set forth in CL § 5-608(a), which reads:

> "(a)  *In general.*  –   Except as otherwise provided in this section, a
> person who violates a provision of §§ 5-602 through 5-606 of this subtitle
> with respect to a Schedule I or Schedule II narcotic drug is guilty of a felony
> and on conviction is subject to imprisonment not exceeding 20 years or a fine
> not exceeding $25,000 or both."

Walker asks us to determine:

> "Did the trial court err by only giving Mr. Walker four peremptory
> challenges, instead of ten, when he was charged with a crime with a possible
> statutory penalty of twenty years?"

We shall answer in the affirmative.[1]

## Discussion

An identical issue, whether one charged, *inter alia*, with attempting to distribute

cocaine was entitled to ten or four strikes under Rule 4-313(a)(3), was presented to this

Court on an appeal from a denial of a new trial in *Whitney v. State*, 158 Md. App. 519, 857

A.2d 625 (2004).  Whitney's trial counsel never requested ten strikes and made no objection

to the trial court's ruling on the number of peremptory challenges until raising the issue in

---

[1]In view of our disposition of the appeal, it is unnecessary to consider a second
question presented by Walker, namely:

> "Did the trial court abuse its discretion by giving the deadlocked jury
> a modified *Allen* charge when two jurors needed to leave, one of whom had
> been told that they would be deliberating for another half hour and would be
> done that day?"

a motion for a new trial, that was denied. On direct appeal from a conviction for conspiracy to distribute, this Court first considered whether the appropriate vehicle for raising the issue was the appeal or an application for post conviction relief. We saw "no need for a collateral fact-finding proceeding." *Id.* at 528, 857 A.2d at 630 (citation omitted). Trial counsel admitted "that she was unaware that Whitney was entitled to ten peremptory challenges," and we said that "she was obligated to correct the trial judge's misstatement." *Id.* at 527, 857 A.2d at 630.

Analyzing the merits by applying the two components of an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), this Court said:

> "We need not dwell on the performance component of the inquiry into the effectiveness of trial counsel. Setting aside the trial court's explicit, albeit erroneous, allowance of just four peremptory strikes, the conceded negligence of Whitney's trial counsel, not being aware of the full complement of peremptory strikes to which he was entitled, fell demonstrably below an objective standard of reasonableness."

*Whitney*, 158 Md. App. at 530, 857 A.2d at 631-32.

The State in the case before us has not undertaken to distinguish *Whitney*. The threshold holding of trial court error was essential to the ultimate holding and was not *dicta*. The finding of error was based on the predecessor to CJ § 8-420, Rule 4-313(a)(3), CL § 1-201, and CL § 5-608. *See Whitney*, 158 Md. App. at 531 n.3, 857 A.2d at 632 n.3.[2]

---

[2]The same result could have been reached if the Court relied on the conspiracy to distribute charge. CL § 1-202 was enacted by ch. 691 of the Acts of 1961 as former Article

- 3 -

Perhaps to preserve possible discretionary review of *Whitney*, the State argues that the proper construction of Rule 4-313, when applied to this case, produces four peremptory challenges for each side.

Initially, the State emphasizes the term "specific" as modifying "penalty." Looking to the Cambridge Dictionaries Online, appellee says that "a 'specific' penalty is one that 'relates to one thing and not others' or is 'clear and exact.'" Brief of Appellee at 7. CL § 1-201, however, is a general statute. It applies to all attempts, not just attempts to distribute cocaine or other Schedule I or Schedule II narcotic drugs. Thus, asserts the State, this case falls under the general provision of Rule 4-313(a)(1), and Walker was entitled to no more than four peremptory challenges.

There is, however, a specific penalty that is provided by statute through the combination of CL § 1-201 and CL § 5-608. The term "statute" includes "statutes." *See* Maryland Code (2014), § 1-202 of the General Provisions Article ("The singular includes the plural and the plural includes the singular.").

Appellee alternatively submits that Rule 4-313 is ambiguous in its application here, so that we should consult the legislative history to discern its purpose. The result, the State

27, § 38, and provides that "[t]he punishment of a person who is convicted of conspiracy may not exceed the maximum punishment for the crime that the person conspired to commit." That punishment was a maximum of twenty years confinement under CL § 5-608(a).

concludes, is a clear policy trend to reduce the number of peremptory challenges so that a reviewing court should apply that policy here.

The clause, "for which no specific penalty is provided by statute," came into Maryland jury selection law with the adoption by the Court of Appeals on June 28, 1971, of the Forty-Second Report of the Standing Committee on Rules, effective September 1, 1971, by amendment to then Rule 746. Theretofore, under Rule 746, a defendant on trial "for an offense punishable by death or confinement in the penitentiary" was entitled to twenty strikes and the State was entitled to ten. In all other cases, each party was permitted four. The 1971 amendment deleted "confinement in the penitentiary" and created two classes. In one class, a defendant who was subject to death, life or "twenty years or more of imprisonment, except for common law offenses for which no specific penalty is provided by statute," was permitted twenty strikes and ten, per defendant, were allowed to the State. In all other cases, each party was permitted four challenges without cause.

In 1971, there were common law crimes for which there was no specific penalty provided by statute and the sentence for those crimes was limited only by the constitutional prohibition against cruel and unusual punishment. Then the most common such crime was assault, *United States v. Hassan El*, 5 F.3d 726 (4th Cir. 1993), *cert. denied*, 511 U.S. 1006, 114 S. Ct. 1374 (1994). Then the penalty for the common law crime of attempt was "anything in the [constitutional] discretion of the sentencing judge." *Walker v. State*, 53 Md. App. 171, 186, 452 A.2d 1234, 1242 (1982). Other such offenses then included affray,

*Baltimore & Ohio R.R. Co. v. Cain*, 81 Md. 87, 100, 31 A. 801, 803 (1895); false imprisonment, *Midgett v. State*, 216 Md. 26, 39, 139 A.2d 209, 216 (1958); and resisting arrest, *McNeal v. State*, 200 Md. App. 510, 526, 28 A.3d 88, 97 (2011), *aff'd*, 426 Md. 455, 44 A.3d 982 (2012).

The Acts of 1973, 1st Special Session, ch. 2, § 1 codified the language of Rule 746 as Maryland Code (1974), CJ § 8-301, without any intent impliedly to supersede Rule 746.

The penalty for attempt was capped in 1976, by ch. 453 of the Acts of that year that enacted Article 27, § 644A, the predecessor to CL § 1-201.

Meanwhile, the Rules Committee had been working on a major revision of the Criminal Causes Rules that became that Committee's Fifty-Third Report. *See* Volume 3, Maryland Register, No. 1, at 8 *et. seq*., (Jan. 7, 1976). The Report was adopted effective July 1, 1977, 4:4 Md. R. 235 (Feb. 16, 1977). Former Rule 746 became Rule 753, but was otherwise unchanged with respect to the language with which we are concerned here. 3:1 Md. R. 21 (Jan. 7, 1976). One of the consultants to the Committee on the revision of the Chapter 700 Rules was Fred Warren Bennett, Esq., *id.* at 9, a distinguished Maryland criminal defense lawyer and later Federal Public Defender.

Mr. Bennett wrote an article entitled "*An Overview of the New Maryland Criminal Rules*," for the Maryland Bar Journal, Vol. X, Issue 2 (Summer 1977), at 27. With respect to peremptory challenges, he said:

> "New Rule 753 replaces old Rule 746 and provides for twenty (20) defense challenges and ten (10) State challenges without cause in a trial in

which the defendant is subject on any single count to death, life imprisonment or twenty (20) years or more imprisonment, except for common law offenses for which no specific penalty is provided by statute (assault and battery, resisting arrest, etc.).

"In all other cases, each party is permitted four (4) peremptory challenges."

*Id.* at 31. The parenthetical examples given by Mr. Bennett of "common law offenses for which no specific penalty is provided by statute" illustrate that the exception in Rule 4-313(a)(2) and (3) is for offenses for which there is no statutory penalty and no statutory limitation whatsoever.[3] Where, as here, the penalty for the common law offense is limited by a specific statute, the offense is not within the exception. *See Whitney v. State*, 158 Md. App. 519, 857 A.2d 625.

The State correctly points out that current Rule 4-313, compared to prior Rule 753, reduces the number of peremptory challenges permitted the parties, where the accused is subject to a sentence of imprisonment for twenty years or more, from twenty and ten to ten and five. That change directly effects a reduction in the number of challenges. It does not manifest a policy to reduce the scope of the class of defendants subject to a sentence of imprisonment for twenty years or more by altering the intent of the language, "except for common law offenses for which no specific penalty is provided by statute."

_____

[3]It was not until ch. 632 of the Acts of 1996, applicable to offenses committed after October 1, 1996, that assault, assault and battery, and battery were made statutory crimes and were no longer common law offenses. The punishment for resisting arrest was capped at three years confinement by chs. 118 and 119 of the Acts of 2004, now codified as CL § 9-408. It remains a common law crime. *See McNeal*, 200 Md. App. at 528-29, 28 A.3d at 98.

Further, the exception provision in Rule 4-313(a)(2), addressing a charge carrying a sentence of life, should receive the same construction as the identical language in Rule 4-313(a)(3), addressing a charge carrying a sentence of twenty years or more. If the State's contention were correct, a person accused of attempted murder would be subject to a life sentence under CL § 1-201 (attempts carry the same sentence as that for the crime attempted) but would be permitted only four peremptory challenges. That most anomalous result does not appear to have been intended by the General Assembly in enacting CJ § 8-420 or by the Court in adopting Rule 4-313.

Appellee does not contend that the error was not prejudicial.

For these reasons, we vacate the judgment of the Circuit Court for Baltimore City and remand.

> **JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY VACATED AND CASE REMANDED.**
>
> **COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE**